Daniel RAMIREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 52181.

Court of Criminal Appeals of Texas.

Nov. 24, 1976.

Rehearing Denied Dec. 15, 1976.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., John Hagler, Robert Whaley and Danny Garrigan, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of robbery by firearms; the punishment is imprisonment for 99 years.

Appellant contends the court erred in excluding from evidence the written statement of Vincent Torrez. In the statement Torrez confessed that he and Adolfo Meza committed the offense with which the appellant was charged. The statement did not mention the appellant. Appellant argues that since the testimony showed that only two persons actually entered the jewelry store during the robbery, the statement should have been admitted.

The long established rule in Texas is that declarations of a third party admitting his guilt of the crime for which the accused is on trial are admissible only when the State is relying upon circumstantial evidence, when the guilt of such party is inconsistent with the guilt of the accused, and when the facts show that such party was so situated that he might have committed the crime. *Cameron v. State,* 153 Tex.Cr.R. 29, 217 S.W.2d 23 (1949); *McCormick and Ray,* Texas Laws of Evidence, Sections 1005 and 1006 (2d ed. 1956). See also *Woodard v. State,* 463 S.W.2d 197 (Tex.Cr.App.1971); *Ballew v. State,* 139 Tex.Cr.R. 636, 141 S.W.2d 654 (1940). Appellant recognizes this rule but urges us to reconsider the rule and allow the statement to be admitted. This we decline to do.

The Texas rule is a compromise between those cases which arbitrarily exclude declarations against penal interest and the decisions which treat such statements the same as declarations against pecuniary of proprietary interest. *McCormick and Ray,* Sec. 1006. While this rule has been criticized by several of the leading writers on evidence,[1] we nevertheless believe the Texas rule is a sound and rational rule. While the trustworthiness of the declaration is in no way affected by the character of the State's evidence, the requirement that the State's case be wholly circumstantial goes to the *need* for the use of hearsay testimony. In addressing the exception to the hearsay rule of declarations against pecuniary interest, our Supreme Court said in *Big Mack Trucking Co., Inc. v. Dickerson,* 497 S.W.2d 283 (Tex.Sup.1973):

> " . . . It has long been the position of Texas jurisprudence that there should be a special *need* to rely on such hearsay, and consequently we require proof that the declarant was not available to testify at the trial."

Although we do not require proof that the declarant be unavailable to testify to statements against penal interest, we believe that the need to rely upon such hearsay is best served in those cases where the State's evidence is wholly circumstantial.

---

1. McCormick's Handbook of the Law of Evidence, Sec. 278 (2d ed. 1972); 5 Wigmore, Evidence, Sec. 1477 (Chadbourne rev. 1974).

That the guilt of the declarant be inconsistent with the guilt of the accused and that the facts show that the declarant was so situated that he might have committed the crime are requirements which tend to lend trustworthiness to otherwise inadmissible hearsay testimony. The requirement of trustworthiness is a common thread which connects all of the numerous exceptions to the hearsay rule. That the statement is a declaration against penal interest and could subject the declarant to criminal liability is alone not enough to satisfy the requirement of trustworthiness. Thus the Texas Courts have added the two additional requirements which tend to corroborate the declaration. As this Court noted in *Stone v. State,* 98 Tex.Cr.R. 364, 265 S.W. 900 (1924), "Allowing proof of innocence by the self-assumed blame of one beyond the reach of the law would soon disorganize criminal procedure."

We feel that the requirement of additional corroborating circumstances is both rational and sound judicial policy. Therefore, we reaffirm our holdings that declarations of a third party admitting that he committed the offense for which the accused is on trial are admissible when the State is relying solely upon circumstantial evidence, when the guilt of the third party is inconsistent with the guilt of the accused, and when the facts show that such party was so situated that he might have committed the crime. *Cameron v. State,* supra, and cases cited therein. This case does not present a question dealing with the right of an accused to present witnesses on his own behalf.

■ Applying the rule to the case at bar, we first note that the State did not rely solely upon circumstantial evidence. The owner of the jewelry store positively identified the appellant as one of the persons who robbed him at gunpoint. Secondly, the guilt of Torrez is not inconsistent with the guilt of the appellant. While Torrez's confession stated that he and Meza committed the robbery, other persons could have also committed the robbery as parties to the offense yet never actually enter the store.

Therefore, we hold that the court did not err in excluding the statement of Torrez.

■ Appellant also contends it was error for the court to exclude evidence that Vincent Torrez and Adolfo Meza were convicted of the same offense with which appellant was charged. It is well established as a *general* rule that upon the trial of one charged with crime it is not permissible to show that another jointly or separately indicted for the same offense has been convicted or acquitted. *Adams v. State,* 531 S.W.2d 626 (Tex.Cr.App.1976), and cases cited therein.

Last, appellant complains of alleged improper jury argument. Appellant complains of the following argument by the prosecutor:

". . . Think about this for a moment. If I gave any one of you an amount of money, even up to $30,000.00, you'd know what to do with it. Even if you knew it was stolen, you might know how to deal with it if you wanted it, if you were so inclined. If I gave you a television set and told you it was stolen, you might know how to get rid of it. If I gave you a car, you might even know that or could find out without too much trouble what to do with a stolen car. But $30,000.00 worth of diamonds and precious jewels? What would you do with them? Think about that. The man that plans that kind of a robbery, steals diamonds, is a man that's engaged in big business, and I submit to you that it's a reasonable deduction from the evidence that he's got some connection some place. He knows somewhere—

"MR. MONTEMAYOR: Your Honor, I object to that as improper argument.
"THE COURT: Overrule your objection."

■ The record reflects that in excess of $20,000.00 worth of property was stolen in the robbery. This property consisted of approximately four hundred complete and unfinished rings, ten or twelve watches, and approximately one thousand diamonds and precious stones, many of which were "no larger than a pinhead." We hold that it

was a reasonable deduction from the evidence to argue that appellant had "some connection some place" where he was going to sell the stolen property in order to profit from the crime he committed. *Pecina v. State,* 516 S.W.2d 401 (Tex.Cr.App.1974); *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973).

The judgment is affirmed.

Opinion approved by the Court.