Donald Keith MARMON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–84–01250–CR.

Court of Appeals of Texas,
Dallas.

Dec. 4, 1985.

John H. Hagler, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Kathleen A. Walsh, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, WHITHAM and HOWELL, JJ.

HOWELL, Justice.

Donald Keith Marmon appeals from his conviction for burglary of a habitation. He argues that the·evidence is insufficient to sustain the conviction and that the trial court erred in excluding an exculpatory letter written by another person. We disagree and affirm the judgment.

The complainant returned to her home on the evening of April 4, 1984, to find that it had been burglarized. Many items were missing. No room escaped the burglar's attention.

The following evening, the appellant's mother and grandmother came to complainant's house. They informed her that her property was in the house next door occupied by appellant. Complainant went to appellant's house and retrieved the goods.

She testified that the property was scattered throughout the house, some of it was readily visible, some of it hidden.

Complainant's friend, Milos Cato testified that he had seen appellant on the evening of the burglary. He overheard appellant speaking to persons in a car. In response to a question by one of the occupants, Cato heard appellant reply that he had stolen an unidentified object that appellant was holding.

Appellant consistently denied any part in the burglary. He testified that he was at a nightclub the evening of the burglary. He professed not to know how the property came to be in his house. Appellant argues that the evidence is insufficient to support a conviction for burglary of a habitation.

■ In evaluating the sufficiency of the evidence for a criminal conviction, the standard is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–319, 99 S.Ct. 2781, 2788–2789, 61 L.Ed.2d 560 (1974); *Carlsen v. State*, 654 S.W.2d 444, 448 (Tex.Crim.App.1983) (on rehearing). The application of the standard in a circumstantial evidence case requires that the evidence exclude every reasonable hypothesis except the guilt of the appellant. *Carlsen v. State*, 654 S.W.2d at 448; *Girard v. State*, 631 S.W.2d 162, 163 (Tex.Crim.App. 1982).

■ Evidence that a house has been burglarized coupled with the defendant's unexplained possession of the proceeds is sufficient to support a burglary conviction. *Ward v. State*, 581 S.W.2d 164, 168 (Tex. Crim.App.1979); *Hardage v. State*, 552 S.W.2d 837, (Tex.Crim.App.1977). When a tenable explanation as to how the property came into the defendant's possession is offered, the State must prove it is false or unreasonable. *Adams v. State*, 552 S.W.2d 812, 815 (Tex.Crim.App.1977).

■ But, appellant's testimony merely denying knowledge how the stolen property came to be in his house is not an explanation of how the property came into his possession. A mere declaration of "I don't know where it came from," would not invoke the rule. Such testimony placed no burden to refute upon the State.

■ Appellant asserts that he did not notice the stolen property when he returned to his house the night of the burglary because the goods were hidden. This might explain his failure to contact the complainant or the authorities, but it does nothing to explain how the goods came to be in his house, hence in his possession. Even so appellant's testimony was controverted. Complainant testified that much of the property was in plain view when she entered appellant's house to determine if her property was really there, as reported to her. Appellant's grandmother testified that only one or two items were moved after the time that appellant claims to have discovered the stolen property.

Appellant's testimony of how the goods were discovered also compels suspicion. He stated that he found the property when he awoke the morning following the burglary. Yet when he and his grandmother entered the house later that day, he reportedly expressed surprise at seeing the property. He had not mentioned to his grandmother that he had found the goods earlier that morning.

When the complainant went to reclaim her property, she found that appellant showed considerable familiarity with the property. When she asked for an item, he could quickly put his hands on it, seemingly knowing the location of each item.

The circumstances strongly imply that the appellant's role in the offense is greater than an innocent finder of stolen goods. Circumstantial evidence is sufficient to rebut a defendant's explanation. *Callahan v. State*, 502 S.W.2d 3, 7 (Tex.Crim.App. 1973). A rational trier of fact could have legitimately concluded that, beyond a rea-sonable doubt, appellant did burglarize the complainant's house.

The appellant asserts that the State has failed to disprove the reasonable hypothesis that other persons are responsible for the offense. He argues that the evidence indicates that individuals named Kevin or Randy or perhaps both may well have committed the burglary.

The evidence regarding Kevin and Randy is sparse. Appellant's grandmother testified that the morning after the burglary, she received a phone call from Kevin. As a result of the call, she went with appellant to his house and discovered the stolen goods. She knew that Kevin was a friend of appellant, her grandson. Later that day, Kevin and Randy inquired about the articles that had been found. Appellant's grandmother told them to leave.

Appellant testified that, on the night of the burglary, he had spoken to Randy and Kevin as they sat in a car on the street in front of his house. He expressed his belief that Randy and Kevin had committed the burglary and had planted its fruits in his house for some type of revenge.

While this testimony would constitute an explanation for appellant's possession, the jury could legitimately have concluded it to be, beyond a reasonable doubt, unreasonable. Appellant's Randy/Kevin theory is not strong. He offers no specific facts and no motive; why would either of them desire revenge? At most, the admitted evidence yields suspicion concerning the activity of the two.

In a circumstantial evidence case the State is not required to prove to a moral certainty that the circumstances presented actually exclude *every* hypothesis that the criminal act has been committed by another person; it must only exclude every *reasonable* hypothesis raised by the evidence that would tend to exculpate the accused ... it is enough that the conclusion of guilt is warranted by the combined and cumulative force of all the incriminating circumstances. *Vargas v. State*, 669 S.W.2d 741 (1984).

*Brandley v. State*, 691 S.W.2d 699, 703 (Tex.Crim.App.1985). The Kevin/Randy theory falls far short of a "reasonable hypothesis." The combined and cumulative force of all incriminating circumstances adequately sustain appellant's conviction.

■ The appellant also claims that the trial court erred in excluding a letter purportedly written by Randy in which he confesses that he committed the burglary. The rule regarding statements against penal interest is well settled in Texas:

> [D]eclarations of a third party admitting that he committed the offense for which the accused is on trial are admissible when the State is relying solely upon circumstantial evidence, when the guilt of the third party is inconsistent with the guilt of the accused, and when the facts show that such party was so situated that he might have committed the crime.

*Ramirez v. State*, 543 S.W.2d 631, 633 (Tex.Crim.App.1976). The requirements limit the use of such declarations to instances where the availability of only circumstantial evidence renders the declarations necessary, and where they are accompanied by appropriate safeguards of trustworthiness. *Ramirez*, 543 S.W.2d at 632–633.

■ In this case, one of the requirements is absent. The appellant's guilt is not inconsistent with Randy's guilt. Neither the writing nor any other evidence contains any explanation how or why the stolen property was placed in appellant's house. It fails to exclude the circumstantial evidence already discussed indicating that appellant was, at a minimum, a party to the offense. Where the person whose statement is sought to be admitted could be a party to the offense along with the defendant his guilt is not considered inconsistent with the defendant's. *Perez v. State*, 590 S.W.2d 474, 480 (Tex.Crim.App. 1979); *Ramirez*, 543 S.W.2d at 633. The letter was properly excluded.

Both grounds of error having been overruled, the judgment against appellant is affirmed.