Gregory HOUSE, Appellant,

v.

The STATE of Texas, Appellee.

No. 6-86-046-CR.

Court of Appeals of Texas,
Texarkana.

May 12, 1987.
Rehearing Denied June 2, 1987.

Marshall Moore, Texarkana, for appellant.

John F. Miller, Jr., Dist. Atty., Texarkana, for appellee.

CORNELIUS, Chief Justice.

Gregory House appeals his conviction for burglary of a habitation with the intent to commit indecency with a child. In a single point of error House alleges that the trial court erred in failing to grant his motion for new trial which was based on newly discovered evidence. We find this contention to be without merit, and accordingly affirm the conviction.

House's newly discovered evidence was presented at the motion hearing through the testimony of three witnesses. The first witness was Joel Daniels, who stated that several days after House was arrested, he heard Bryan Henderson tell someone that he (Henderson) actually committed the act for which House was arrested and charged.

There were also two minor witnesses, Cornelius Fisher, age eleven, and Bridgett Johnson, age ten. Both children said that after the trial they had been told by Shadonna Gladney, the complaining witness, that it was Henderson rather than House who had attacked her. Gladney was called by the State as a rebuttal witness, and she denied the conversations with Fisher or Johnson.

For a new trial to be granted on the basis of newly discovered evidence, the defendant must demonstrate that the evidence was, in fact, newly discovered, that it was material, that failure to discover it sooner was not due to lack of diligence, and that the new evidence was admissible and not merely cumulative, corroborative, collateral or impeaching. The defendant must also show that the evidence was probably true, and that its materiality was such as would probably bring about a different result in another trial. *Eddlemon v. State,* 591 S.W.2d 847 (Tex.Crim.App.1979); *Jock v. State,* 708 S.W.2d 545 (Tex.App.—Texarkana 1986, pet. ref'd); *Stewart v. State,* 652 S.W.2d 496 (Tex.App.—Houston [1st Dist.] 1983, no pet.). Failure to establish any of the essential requirements warrants a refusal to grant a new trial. *Markham v. State,* 644 S.W.2d 53 (Tex.App.—San Antonio 1982, no pet.). A motion for new trial based on newly discovered evidence is addressed to the sound discretion of the trial judge, and the trial court's decision will not be disturbed on appeal unless it constitutes an abuse of discretion. *Eddlemon v. State,* supra.

With these principles in mind, we turn to a review of the evidence. Because this hearing occurred prior to the effective date of the new criminal rules of evidence, for purposes of this appeal our review will be concerned with the admissibility of this type of evidence under the common law.[1] Joel Daniels' testimony was that he heard a third party's out-of-court admission confessing to the crime. The common law rules of criminal evidence made out-of-court declarations by a nondefendant admitting the offense on trial admissible only when the State's case rests upon circumstantial evidence, when the guilt of the nondefendant is inconsistent with the guilt of the accused, and when the third party was so situated that he might have committed the crime. *Ramirez v. State,* 543 S.W.2d 631 (Tex.Crim.App.1976); *Marmon*

---

1. We do not pass upon the question of the admissibility of this evidence under the new Texas Rules of Criminal Evidence effective September 1, 1986. The language of new Tex.R. Crim.Evid. 803(24) would allow the admission of a nondefendant's out-of-court statement about a crime if (1) the statement tends to subject him to criminal liability, and (2) corroborating circumstances clearly indicate that the statement is trustworthy.

*v. State,* 704 S.W.2d 90 (Tex.App.—Dallas 1985, pet. ref'd). The verdict in this case is not based upon circumstantial evidence, but instead rests upon the direct testimony of Shadonna Gladney. Thus, Daniels' testimony would be inadmissible. Moreover, there was evidence at the new trial hearing sufficient to justify the trial court in doubting both the credibility of the proffered evidence, and House's diligence in not discovering and presenting it at the trial in chief.

■ House argues that the statement was admissible under Tex.R.Crim.Evid. 804(a)(5) as an exception to the hearsay rule. As previously stated, Rule 804(a)(5) was not in effect at the date of this hearing. Even if the rule had been in effect it would not aid House. Rule 804(a)(5) makes certain declarations admissible if the declarant is unavailable despite diligent effort for procurement, but the rule is limited to former testimony, dying declarations and statements of personal or family history. The declaration here does not come within any of those categories.

■ The testimony of the minor witnesses Fisher and Johnson is impeachment evidence which may not be considered as grounds for a new trial based upon newly discovered evidence. *Eddlemon v. State,* supra. Moreover, even if the testimony was admissible, it was rebutted by the State through the testimony of Shadonna Gladney. When the truth of newly discovered evidence is contested, the credibility of witnesses and the probable truth of the new evidence are matters to be determined by the trial court. *Bolden v. State,* 634 S.W.2d 710 (Tex.Crim.App.1982); *Todd v. State,* 601 S.W.2d 718 (Tex.Crim.App.1980).

The contentions of the appellant are respectfully overruled, and the conviction is affirmed.