**Alto NAUERT, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–92–158–CR.**

Court of Appeals of Texas,
Austin.

Sept. 30, 1992.

Discretionary Review Refused
Jan. 20, 1993.

---

L. Nora Soliz, Icenhauer–Ramirez & Hubner, P.C., Austin, for appellant.

Ronald Earle, Dist. Atty., William G. Reid, Asst. Dist. Atty., Austin, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

PER CURIAM.

A jury found appellant guilty of aggravated sexual assault. Tex. Penal Code Ann. § 22.021 (West 1989). The district court assessed punishment, enhanced by previous felony convictions, at imprisonment for forty years. There is no dispute as to the sufficiency of the evidence, which shows that appellant sexually assaulted an eight-year-old girl.

■■■ In his first point of error, appellant contends the court should have granted his motion for mistrial made after improper jury argument by the prosecutor. The incident occurred during the State's opening argument, as the prosecutor sought to convince the jury of the complainant's credibility.

> The defendant's attorney will have you believe that she's making it up because that's what you're left with.... That's amazing. But that's the alternative theory to believing that he did it because not only has she convinced herself, she's convinced a counselor who specializes in treating sexually abused kids. She's convinced the Travis County Sheriff's Office. She's convinced us. She's convinced—

At this point, appellant objected to "the prosecutor's version about his own belief about the guilt or innocence of the accused." The objection was sustained and the court instructed the jury to "disregard the last comment that the prosecutor previously made."

It was error to argue that the jury should believe the complaining witness because the prosecutors and investigators believed her. *Gardner v. State,* 730 S.W.2d

675, 698 (Tex.Crim.App.1987). But the argument, like the similar argument in *Gardner*, was not so inflammatory as to be incurable. We hold that the district court's prompt instruction to disregard cured the error. The first point of error is overruled.

■ Appellant's second point of error complains of the court's refusal to admit in evidence hearsay testimony describing an admission by the complainant's father that he had sexually assaulted her. Appellant contends this evidence was relevant to the defensive theory that appellant had been wrongly accused of an act committed by someone else. The bill of exception reflects that appellant and the child's father were both incarcerated in the county jail several years before the incident giving rise to this prosecution. According to the bill, appellant would have testified that "he [the father] was in there for sexual assault ... and he said he assaulted her, you know." From the context, it appears that the "her" referred to is the complainant. The State's hearsay objection to this testimony was sustained.

Appellant argues that the father's hearsay statement was a statement against social interest, that is, a "statement which ... so far tended ... to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true." Tex.R.Crim.Evid. 803(24). The State responds that the proffered evidence was a statement against penal interest and properly excluded in the absence of corroborating circumstances clearly indicating its trustworthiness. *Id.* The proper classification of the statement is critical because, under rule 803(24), corroborating circumstances are not required for the admission of a statement against the declarant's pecuniary, proprietary, or social interest.

■ Rule 803(24) is significantly more liberal in the admission of statements against penal interest than was prior law. *See Ramirez v. State*, 543 S.W.2d 631 (Tex. Crim.App. 1976). Like prior law, however, the rule requires that a statement against

penal interest be corroborated to guard against fabrication and to insure its trustworthiness. The purpose of the corroboration requirement was explained by the *Ramirez* court as follows:

> That the statement is a declaration against penal interest and could subject the declarant to criminal liability is alone not enough to satisfy the requirement of trustworthiness.... As this Court noted in *Stone v. State*, 98 Tex.Cr.R. 364, 265 S.W. 900 (1924), "Allowing proof of innocence by the self-assumed blame of one beyond the reach of the law would soon disorganize criminal procedure."

We feel that the requirement of additional corroborating circumstances is both rational and sound judicial policy.

543 S.W.2d at 633. In other words, the corroboration requirement is intended to deter a criminal defendant from manufacturing a hearsay "confession" by some unavailable third person for use as a defense.[1]

The State notes that, by its nature, a statement against penal interest is also a statement against social interest. By saying "I sexually assaulted my daughter," the declarant both exposes himself to criminal liability and makes himself an object of ridicule and disgrace. While the same might not be said of a statement admitting the commission of some minor criminal offense, it is certainly true of any statement admitting a felony or crime of moral turpitude. The State argues that to be admissible, such a statement must be considered a statement against penal interest and, therefore, be corroborated. Otherwise, argues the State, the corroboration requirement will become a dead letter for any but the most minor criminal offenses.

■ We find the State's point to be well taken. By requiring a showing of corroborating circumstances, rule 803(24) expresses the policy previously expressed in *Ramirez*, namely that statements against penal interest must meet a stricter test for trustworthiness than is applied to other statements against interest. This policy

---

1. Because this is not a concern in civil actions, there is no corroboration requirement in the comparable civil evidence rule. Tex.R.Civ.Evid. 803(24).

would be undermined if the corroboration requirement could be avoided by the simple expedient of labelling the statement one against social interest. We hold that a statement against penal interest must be corroborated by other circumstances to be admissible under rule 803(24), even though the statement might also be considered one against the declarant's social interest.

Because there were no circumstances clearly indicating the trustworthiness of the proffered statement against penal interest, the district court did not abuse its discretion by excluding it from evidence. Point of error two is overruled.

The judgment of conviction is affirmed.