IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-363-CR




THURMAN VICTOR CUNNINGHAM,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 41,282, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of murder. Tex. Penal Code Ann. § 19.02 (West
1989). The district court assessed punishment at imprisonment for life.

 On December 2, 1991, Eric Lowman, a soldier at Fort Hood, rented two motel
rooms in Killeen. That night, Lowman and a number of his friends and acquaintances, including
several high school students, had a party in the rooms at which a large quantity of wine and beer
was consumed. Among those in attendance at the party were appellant and the deceased, sixteen-year-old Jessica Reeves. When Reeves did not return home the following day, she was reported
missing to the police. Reeves's body was found on December 6, lying in the Lampasas River near
the Highway 195 bridge south of Killeen. Her skull had been crushed with a large rock, and she
had been stabbed in the throat and abdomen with a jagged object, most likely a broken bottle. 
Blood stains and other evidence established that at least some of these injuries were sustained in
one of the motel rooms rented by Lowman.

 In a statement given to the police on the day the deceased's body was found,
appellant denied any involvement in the murder and said that he last saw Reeves on the night of
the party in the company of two men he did not know. Nevertheless, the police investigation soon
focused on appellant based on information received from other persons who attended the party. 
Realizing that the police suspected him, appellant left Killeen and hitchhiked to Andrews, where
he was arrested on January 10, 1992. Appellant gave two written statements shortly after his
arrest. In these statements, appellant admitted stabbing Reeves with a broken wine bottle during
an argument in the motel room. Appellant said that Reeves died as he was driving her to a
hospital, and that he then took her body to the river. Appellant claimed that he did not remember
dragging the deceased to the river bank or striking her with the rock. Human blood stains were
found in appellant's car, but further typing to determine if the blood was that of the deceased was
not possible.

 Appellant disavowed his confessions during his trial testimony. Instead, appellant
testified that while using the motel bathroom, he heard the deceased arguing with Lowman and
another person, Tim Marshall. When he returned to the bedroom, appellant saw Reeves sitting
on the floor with Marshall standing over her. Marshall was holding a broken bottle, and appellant
saw something wet on the bottle and on the deceased's shirt. Appellant attempted to leave but was
stopped by Lowman, who appellant knew was armed. Following orders, appellant drove Lowman
to the Lampasas River bridge. Marshall and the deceased followed in Lowman's car. At the
bridge, appellant fled on foot. Appellant testified that after waiting for some time, he returned
to his car and went home.

 In his first point of error, appellant contends that the district court erred by
sustaining the State's hearsay objection to testimony recounting out-of-court statements made by
Tim Marshall. The witness in question was Angela Johnson. Johnson testified on appellant's bill
of exception that on December 5, the day before Reeves's body was found, Marshall told her that
he, appellant, and two other men "beat [the deceased] up with beer bottles." The next day, after
the body was found, Marshall told Johnson that


 they sat down and -- which is [appellant], Scott, Robert, and him -- they sat
down and planned to kill her. They made out a plan and how it went and
that -- that they -- he said he would -- that he would help beat her with the
beer bottles if he had help, and then he started describing how she was cut. 


Q. How did he describe that? Okay.


A. He said they had cut her face from about the forehead around her eye and
then down through her mouth -- her mouth. They had cut her cheek down
to her lips, and they had cut her throat. They had cut her abdomen to
where her guts were hanging out, and he described it to me like this.


Q. This was the day that she was found?


A. Yes. This was the day that she was found.


Q. Did he say that was a rumor about him?


A. No, he did not. He told me straight out. At this time there was no rumors
flying around about what was going on.



 Appellant argues that Marshall's statements to Johnson were admissible as
statements against penal interest. Tex. R. Crim. Evid. 803(24). In sustaining the State's
objection to the proffered testimony, the district court found that Marshall's statements were not
sufficiently corroborated to be admissible under the rule. 

 Rule 803(24) provides that a statement is not excluded by the hearsay rule, even
if the declarant is available as a witness, if at the time it was made it "so far tended to subject [the
declarant] to . . . criminal liability . . . that a reasonable man in his position would not have made
the statement unless he believed it to be true. A statement tending to expose the declarant to
criminal liability is not admissible unless corroborating circumstances clearly indicate the
trustworthiness of the statement." Id. The corroboration requirement reflects the longstanding
belief that, in criminal cases, the possibility of criminal liability is alone not sufficient to assure
the requirement of trustworthiness. See Ramirez v. State, 543 S.W.2d 631, 633 (Tex. Crim. App.
1976). 

 It has been suggested that to determine the adequacy of the corroborating
circumstances under rule 803(24), courts should use the test employed in cases involving
accomplice witness testimony. Williams v. State, 800 S.W.2d 364, 367-68 (Tex. App.--Fort
Worth 1990), pet. ref'd, 805 S.W.2d 474 (Tex. Crim. App. 1991); Reynolds v. State, 744 S.W.2d
156, 161 (Tex. App.--Amarillo 1987, pet. ref'd). That is, the corroboration is sufficient if there
is "other evidence tending to connect the defendant with the offense committed." Tex. Code
Crim. Proc. Ann. art. 38.14 (West 1979). This Court believes, however, that article 38.14 does
not supply the proper test for corroboration of a statement against penal interest. First, the
question under rule 803(24) is not whether the circumstances corroborate the defendant's guilt,
but whether the circumstances corroborate the declarant's admission of criminal activity. Second,
the criminal act admitted by the declarant need not be the offense for which the defendant is on
trial. If relevant, an out-of-court statement tending to subject the declarant to criminal liability
for any offense is admissible under rule 803(24).

 Keeping in mind the purpose of the corroboration requirement, we believe that a
statement against penal interest is adequately corroborated if there is other evidence reasonably
tending to establish that the statement is not a fabrication. In general, the trustworthiness of the
statement is clearly indicated when: 1) there is evidence independent of the statement itself that
tends either directly or circumstantially to establish the truth of the matter asserted by the
statement; or 2) there is additional evidence of the veracity of the declarant beyond that inherent
in the potential for criminal liability, such as proof that the statement was against the declarant's
interest to an unusual or devastating degree, that the declarant repeated his story often and
consistently, or that he could not have been motivated to falsify for the benefit of the accused. 
See 4 David W. Louisell & Christopher B. Mueller, Federal Evidence § 489, at 1159-60 (1980)
(commenting on Fed. R. Evid. 804(b)(3), from which rule 803(24) is derived).

 As a corroborating circumstance in this cause, appellant argues that Marshall's
statements to Johnson demonstrated a familiarity with the injuries to the deceased that could only
come from having been present when they were inflicted. We believe, however, that the district
court could reasonably conclude that Marshall's descriptions of the assault were not of such
accuracy as to provide the necessary assurance that his statements were not a fabrication. For
example, Marshall told Johnson on the day before the body was found that he and the others had
beaten Reeves with beer bottles, but the evidence suggests that the injuries to the deceased's head
were inflicted by the large rock found lying near her body. While Marshall accurately stated that
Reeves was stabbed in the throat and abdomen, this statement was made on the day the body was
found and the record does not support appellant's assertion that Marshall could not have learned
of the nature of the wounds before speaking to Johnson. Moreover, Marshall's claim that the
deceased's face had been slashed from her forehead to her chin was false. 

 Appellant also argues that Marshall's statements to Johnson were corroborated by
appellant's own testimony, in which he described hearing Reeves argue with Marshall and
Lowman, finding Marshall standing over Reeves with a broken bottle in his hand, and being
forced to accompany Marshall and Lowman to the bridge where Reeves's body was later found. 
We believe, however, that it would be inconsistent with the intent of rule 803(24) to permit the
accused to corroborate an alleged out-of-court statement against penal interest through his own
self-serving testimony. To permit the defendant to supply the requisite corroboration through his
own testimony would encourage fabrication rather than discourage it.

 Finally, appellant contends that Marshall's presence at the party is a circumstance
that corroborates his statements against penal interest. But several other people were also present
at the party, and this fact adds little, if any, credence to Marshall's claim to have been involved
in the murder. 

 Preliminary questions concerning the admissibility of evidence are determined by
the court. Tex. R. Crim. Evid. 104(a). We hold that the district court in this cause did not abuse
its discretion by determining that the proffered statements against penal interest were not
corroborated by circumstances clearly indicating their trustworthiness.

 We further hold that if the court did err by excluding Marshall's statements to
Johnson, the error was harmless beyond a reasonable doubt. Tex. R. App. P. 81(b); Harris v.
State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989). During cross-examination before the jury,
Marshall admitted telling several people that he killed Reeves. Marshall said, however, that these
statements were not true and that he had merely been repeating rumors. As he explained during
redirect examination, "I didn't, you know, like tell them that I actually did it. I was just telling
them that this is how the rumor went." Thus, the jury knew that Marshall had made statements
admitting an involvement in the murder, although this admission was qualified by his claim that
he had been repeating inaccurate rumors. In addition, Marshall's statements to Johnson did not
exculpate appellant. To the contrary, Marshall told Johnson that appellant was one of the people
involved with him in the murder. Had Johnson been permitted to testify as she did on the bill of
exception, her testimony would have rebutted appellant's testimony denying any wrongdoing and
corroborated the State's evidence linking appellant to the murder. Under the circumstances, we
are confident that the exclusion of this testimony, if error, made no contribution to the conviction
or to the punishment. Point of error one is overruled.

 By his second point of error, appellant contends that Johnson's testimony
concerning Marshall's out-of-court statements should have been admitted to impeach Marshall's
trial testimony. Tex. R. Crim. Evid. 607, 612(a). This contention was not preserved for review,
as the record reflects that appellant did not present this contention to the district court when the
evidence was offered for admission. Tex. R. App. P. 52(a); Tex. R. Crim. Evid. 103(a)(1). 
Point of error two is overruled.

 Appellant's third point of error complains of the district court's failure to make and
file written findings of fact and conclusions of law on the voluntariness of his confessions. Tex.
Code Crim. Proc. Ann. art. 38.22, § 6 (West 1979). This contention was rendered moot when,
after appellant's brief was filed, the court's written findings and conclusions were forwarded to
this Court in a supplemental transcript. Appellant does not challenge the court's conclusion that
his statements to the police were voluntary. Point of error three is overruled.

 In his final point of error, appellant urges that the court erred by admitting in
evidence a letter written by Noland Gates, appellant's cellmate, to the district attorney's office. 
Appellant contends that the letter was hearsay, its admission constituted improper bolstering of
Gate's testimony, and the probative value of the letter was outweighed by the danger of unfair
prejudice. We will not address the latter two contentions because appellant did not object to the
admission of the letter on those grounds. Tex. R. App. P. 52(a); Tex. R. Crim. Evid. 103(a)(1).

 Appellant's hearsay argument under this point of error complains only of the
admission of that part of the letter describing statements made by appellant to Gates. In the letter,
Gates said appellant told him that he intended to lie about his confessions being coerced and that
he "told me his involvement in the murder, but also, Tim, and a guy named Eric also. And where
he threw his seat covers with blood." Appellant argues that these statements to Gates were not
corroborated and thus were not admissible as statements against penal interest. Tex. R. Crim.
Evid. 803(24). 

 Appellant's reliance on rule 803(24) is misplaced. An out-of-court statement by
a party offered against the party is admissible as an admission by party-opponent. Tex. R. Crim.
Evid. 801(e)(2). Such a statement is not subject to the requirements of rule 803(24). 33 Steven
Goode, Olin G. Wellborn III, & M. Michael Sharlot, Guide to the Texas Rules of Evidence: Civil
and Criminal § 803.29 (Texas Practice Supp. 1992). Point of error four is overruled.

 The judgment of conviction is affirmed.



[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: January 20, 1993

[Publish]