Opinion issued February 25, 2014



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-13-00133-CR

————————————

**MERIA JAMES BRADLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1328927**

---

## MEMORANDUM OPINION

Appellant Meria James Bradley was charged by indictment with possession of more than four grams of cocaine with intent to deliver. The jury found Bradley guilty of the lesser offense of simple possession, and the trial court assessed

punishment at 35 years' imprisonment.[1]  In his sole point of error, Bradley contends that the trial court erred in permitting improper jury arguments by the State in closing argument of the guilt-innocent phase.  We affirm.

## Background

After observing Bradley sell crack cocaine to known drug users and conducting a controlled buy at the home, Officer Nash of the Houston Police Department obtained a search warrant for the house at 7844 Sandy Street.  When they executed the search warrant and entered the home, police officers found Bradley running to the back of the house.  Bradley's son was also present at the house at the time.

Officer Nash testified that Bradley told him that "everything" in the house was his and that his son had nothing to do with anything illegal.  Officer Nash told Bradley to show him where everything was, and Bradley showed him marijuana and crack cocaine located inside of a desk in the house.  Police found a plate with a razor blade, used for cutting crack cocaine, and individually-cut crack cocaine rocks inside of the desk.  The cocaine rocks altogether weighed 4.2 grams and were sized for sale.  Police also found numerous weapons and "over a hundred documents," such as mail and awards on the wall, bearing Bradley's name.

---

[1]     Bradley has prior convictions for aggravated robbery and tampering with identification numbers.

Bradley testified that he owned the home at 7844 Sandy, but that he lived across the street and rented the home at 7844 Sandy to Alexander Guidroz. Bradley testified that on the day he was arrested, he and his son had walked across the street from their home to 7844 Sandy—carrying a briefcase containing paperwork—to collect rent from Guidroz and give his son a car that was located at 7844 Sandy. According to Bradley, he and his son were sitting on the porch and he was going through documents in the briefcase when the police arrived. And Bradley claimed that he showed the police the hidden drugs only after Guidroz told Bradley where the drugs were located. Bradley testified that there were no documents with his name in the house and that police actually found the documents in his briefcase.

During the State's closing argument, Bradley complained about several of the prosecutor's comments. The jury found Bradley guilty of the lesser-included offense of simple possession.

## Discussion

In his sole point of error, Bradley contends that the State made improper arguments to the jury during closing, and that he is entitled to a new trial.

### A. Applicable Law

"The law provides for, and presumes, a fair trial free from improper argument by the State." *Thompson v. State*, 89 S.W.3d 843, 850 (Tex. App.—

3

Houston [1st Dist.] 2002, pet. ref'd) (citing *Long v. State*, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991) (en banc)). The approved areas of jury argument are (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to the argument of opposing counsel, and (4) plea for law enforcement. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (en banc); *Andrade v. State*, 246 S.W.3d 217, 229–30 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). A prosecutor may argue his opinion concerning a witness's credibility or the truth of witness's testimony only if the opinion is based on reasonable deductions from the evidence and does not constitute unsworn testimony. *McKay v. State*, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985) (en banc). Wide latitude is allowed in drawing inferences from the evidence, so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). In examining challenges to a jury argument, a court considers the remark in the context in which it appears. *Id.*

An argument exceeding the permissible bounds of the four approved areas of argument constitutes reversible error only if an analysis of the record as a whole shows the argument is extreme or manifestly improper, violates a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Wesbrook*, 29 S.W.3d at 115; *see also Hawkins v. State*, 135 S.W.3d 72, 79 (Tex. Crim. App. 2004) (en banc). In assessing the harm of an improper argument, an

4

appellate court considers three factors: "(1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction)." *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (en banc).

A party may present on appeal a complaint that a jury argument was improper only if the record shows that (1) he timely and properly objected to the trial court and (2) the trial court (a) overruled the objection, either expressly or implicitly, or (b) refused to rule on the objection, and the party objected to the refusal. TEX. R. APP. P. 33.1(a); *Gutierrez v. State*, 36 S.W.3d 509, 510–11 (Tex. Crim. App. 2001); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (en banc). A trial court implicitly rules on a matter if "its actions or other statements otherwise unquestionably indicate a ruling." *Gutierrez*, 36 S.W.3d at 511 n.1.

In cases where the trial court sustained the defense objection and granted the requested instruction to disregard, the only adverse ruling to be reviewed is the trial court's denial of the motion for mistrial. *Hawkins*, 135 S.W.3d at 76–77. "A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Id.* at 77

5

(quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)).  A mistrial is required only in extreme circumstances where the prejudice is incurable.  *Id.* (citing *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003)).  We review the trial court's refusal to grant a mistrial for an abuse of discretion.  *Id.*

**B.  Analysis**

Bradley complains about eight comments the prosecutor made during closing argument.  Bradley objected to some of them, and the trial court sustained some of Bradley's objections, but denied Bradley's request for a mistrial.  We review the comments in turn.

**1.  Bradley failed to preserve error with regard to four of the complained-of comments.**

**(a) "Stay in the record"**

To challenge a jury argument on appeal, a party must have timely objected at trial, and obtained an adverse ruling from the trial court.  TEX. R. APP. P. 33.1(a).

Bradley first objected to the following comment:

Now, according to the Defense, [there are] no documents inside that house that link Mr. Bradley to anything in there to show that he was in 7844 because he lived at 7855 Sandy.  What about his certificate that's in there?

Bradley's counsel objected, "It was in the briefcase, your Honor.  I object to that."  The trial court said, "Stay in the record."

Bradley also objected when the prosecutor commented:

6

"In direct response to what Defense has been arguing about, all these exhibits, they have rights. He had the right to say, please, someone do fingerprints on these guns."

Bradley's counsel responded, "Excuse me, Judge. I asked that yesterday. He said—it's improper. I asked him yesterday to print the guns. It's a misstatement. I asked him yesterday. They had all night to print the guns." The trial court said, "Stay in the record, please."

In response to both objections, the trial court instructed the prosecutor to "stay in the record." A judge's instruction to stay within the record, in response to an objection, does not constitute a ruling on the objection. *Washington v. State*, 16 S.W.3d 70, 73 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). Because Bradley did not obtain an adverse ruling on these two objections, he did not preserve his challenges to these two comments. *See* TEX. R. APP. P. 33.1.

### (b) Request to mention CSI

The State contends that Bradley's complaint about the prosecutor's comment regarding CSI was not preserved for our review. We agree. The prosecutor said:

> What about his certificate that the officers said were in the house? The Defendant said it was in his briefcase. So, you know what that means? That means either Officer Nash or Robertson or even Officer Chapman took this certificate that the Defendant's carrying around in his briefcase on December 1st, 2011, this certificate which was given to him on March 18th, 2003. He carries this in a briefcase. Carrying this certificate in a briefcase, these officers are going to take it out. And it's laminated. They're going to go inside the house. They're going to tack it onto a wall because you can see it's tacked to the wall. They're going to put it on the wall the same certificates that you can

7

see on the entry point of the house just to say now we've got him. We've got something on him at this point in time. Talk about science fiction. "That's better than 'CSI.'" [2]

Bradley's counsel interjected: "[Y]ou instructed me I couldn't mention 'CSI.' He mentions 'CSI.' Can I get back up and talk about 'CSI,' Judge?" The trial court responded, "no." [3]

To preserve a complaint for appellate review, a party must make a timely objection to the trial court stating "the grounds for the ruling . . . with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). Here, Bradley did not object that the State's reference to CSI was irrelevant, or otherwise improper. Rather, he requested permission to mention CSI himself. Because Bradley does not complain on appeal that the trial court denied his request to refer to CSI, we conclude that his argument on appeal does not comport with his objection at trial. Accordingly, he did not preserve this complaint. *See* TEX. R. APP. P. 33.1(a)(1)(A)); *Curiel v. State*, 243 S.W.3d 10, 19 (Tex. App.—Houston

---

[2] "CSI" was a reference to a television show. *See* The Honorable Donald E. Shelton, *CSI: Criminal Scene Investigation*, a popular television show. *Juror Expectations for Scientific Evidence in Criminal Cases: Perceptions and Reality About the "CSI Effect" Myth*, 27 T.M. COOLEY L. REV. 1–2 (2010) (citing BBC News (July 31, 2006) http:// news.bbc.co.Uk/2/hi/entertainment/5231334.stm; CSI Earth's No. 1 Show, N.Y. POST (June 17, 2008) available at http:// www.nypost.com/p/entertainment/tv/item_WKDOqHHYXBgcnKFGWy2xa P).

[3] During direct examination of Bradley, Bradley's counsel mentioned CSI twice. Both times the trial court sustained the State's objections to relevance.

8

[1st Dist.] 2007, pet. ref'd) (holding that argument raised on appeal must comport with specific objection made at trial, or error is waived).

### (c) No request for instruction to disregard

The State contends that Bradley also failed to preserve his objection when the prosecutor commented that Bradley could have but did not call his wife and son to testify in Bradley's defense:

> [T]he wife and the Defendant's son could easily disprove everything they've said. Because the wife could come in and say, "My husband lives with me. My husband of 30-plus years lives with me. Have live [sic] at 7855 Sandy. He does not live at 7844. Guidroz lives there."
>
> He could have brought his son that was there that night who could have said, "I was sitting on the porch with my dad . . . We were just there to collect the check and get a car for being such a good person." His son could miss one day from high school. I know hair is important. But his wife couldn't miss one day from going to Sally Beauty Supply.

Bradley's counsel objected:

> Judge, I'm going to object to that. If his son was here, they wouldn't give him an excuse that he was here and he would have been docked for that. He was here. I object to that. The State knows it.

The State responded, "That's outside the record." The trial court said, "Sustained."

If a trial judge sustains an objection to improper jury argument, the defendant must request an instruction to disregard and move for a mistrial in order to preserve error. *McGinn v. State*, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998).

9

The failure to request such an instruction waives error unless an argument is so inflammatory that its prejudicial effect could not have been alleviated by an instruction to disregard. *Id.*; *Parr v. State*, 606 S.W.2d 928, 931 (Tex. Crim. App. 1980).

Here, Bradley did not ask for an instruction to disregard, and the State's comment about Bradley's son's absence was not so inflammatory that the prejudicial effect, if any, could not have been alleviated by an instruction to disregard. *See Baines v. State*, 401 S.W.3d 104, 109 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding that prosecutor's comments that appellant could have called two witnesses to support his defensive theory "went to the credibility of appellant's defense and did not shift the burden of proving the elements of the offense"); *Harris v. State*, 122 S.W.3d 871, 884 (Tex. App.—Fort Worth 2003, pet. ref'd) (holding that prosecutor's comment on appellant's failure to produce testimony from sources other than himself and "about the subpoena power of a defendant is proper if it refers to the defendant's failure to produce evidence from other sources").

### 2. Overruled Objections

The trial court overruled Bradley's objections to two of the prosecutor's comments. Bradley contends on appeal that these comments were improper because they were intended to shift the ultimate burden of proof to the defense and

encourage the jury to consider matters outside the record. We consider the comments in turn.

### (a) Burden of Proof Objection

Bradley contends that the prosecutor made a comment that improperly shifted the burden of proof to Bradley. The prosecutor commented:

> Officer Nash gave you a very good scenario. If there's a crime committed and no one is there to be a witness, they're probably going to dust for prints to see if they can generate some type of profile. But if someone witnesses someone break inside their car, calls him and he arrives and sees the person breaking into the car, why do you need to have fingerprints? Why do you need to do a DNA swab? They knew who Mr. Bradley was. Why do you need to fingerprint? There's no [need] to fingerprint. Furthermore, part of those rights that the Defense has, they can request this evidence be fingerprinted at any point in time.

Bradley objected, "That's just a burden of proof to the Defense. That's improper." The trial court overruled his objection.

Our review of the record reveals that the prosecutor's comment about Bradley's failure to request fingerprinting was intended to rebut defense counsel's argument condemning the State's failure to take fingerprints. During closing argument, Bradley's counsel made numerous comments about the police officers' failure to fingerprint items from the house and match them with Bradley's fingerprints. In this context, the prosecutor's comment that Bradley could have requested fingerprints was not improper because it was a response to the defense's claim that the State's evidence was lacking. *See Bible v. State*, 162 S.W.3d 234,

11

249 (Tex. Crim. App. 2005) (holding that prosecutor's reference to absence of documentary evidence did not constitute shifting of burden of proof); *Jackson v. State*, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000) (holding State may comment on appellant's failure to present evidence in his favor regarding DNA evidence when argument was "merely a response to the defense's assertions that the State's scientific evidence was lacking"); *Caron v. State*, 162 S.W.3d 614, 618 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that during jury argument, State may comment on appellant's failure to present evidence in his favor); *Doty v. State*, 820 S.W.2d 918, 923–24 (Tex. App.—Fort Worth 1991, pet. ref'd) (holding that the State's comment that if there was any evidence to support the defense's theory, "don't you think that they might have brought it to you," was a summation of the evidence). Accordingly, we hold that the trial court did not err by overruling Bradley's objection to the prosecutor's fingerprint comment.

### (b) Proper plea for law enforcement

Bradley contends that the prosecutor continued to "stretch the limits of permissible advocacy" in suggesting that the jury consider matters outside the record, when the prosecutor commented:

> I'm about to give you this evidence. It's your job now. Y'all are the conscience of this community. You decide what is allowed in this community. You decide is this the type of person you want roaming the streets[?] At some point in time, you'll be able to talk about this trial. Your friends and family will ask you about this case and they will ask you what you did.

Bradley objected, "Improper breach [sic] of law enforcement.  I object to it."  The trial court overruled Bradley's objection.

When the State's argument is designed to induce the jury to convict the defendant because the community demands or expects such a result, the argument is improper.  *Cortez v. State*, 683 S.W.2d 419, 420 (Tex. Crim. App. 1984) (en banc).  However, the State may present pleas for law enforcement by reminding jurors that they may be called upon by family and friends to explain both the case and the verdict.  *Bell v. State*, 724 S.W.2d 780, 801–02 (Tex. Crim. App. 1986) (en banc).

Here, the prosecutor's comment did not pressure the jury to reach a particular verdict based upon the demands or expectations of the community.  On the contrary, the prosecutor argued that the jury represented the community.  The complained-of comment properly asks the jury to act as the voice of the community, and therefore, it constitutes a proper plea for law enforcement. *See id.* (comment urging jury to "remember and think about how [friends and neighbors] will ask you at the end of case when it's all over" did not "assert or imply that the community demands a conviction"); *York v. State*, 258 S.W.3d 712, 718 (Tex. App.—Waco 2008, pet. ref'd) (comment asking jury "what it is that you want the newspaper to say when you open up the newspaper tomorrow and you get to tell your friends or family" about the result was proper plea for law enforcement);

13

*Harris v. State*, 122 S.W.3d 871, 888 (Tex. App.—Fort Worth 2003, pet. ref'd) (holding that prosecutor arguing that jury represented community and asking jury to send message by its verdict was proper plea for law enforcement). Accordingly, we hold that the trial court did not err by overruling Bradley's objection to the conscience of the community comment.

### 3. Sustained Objections and Denials of Mistrial

Bradley objected to two of the prosecutor's comments on the grounds that they referenced the prosecutor's personal opinions. The trial court sustained both objections but denied Bradley's motions for mistrial. Bradley argues that the improper comments were "clearly harmful" and the court's instructions to disregard were insufficient to cure them.

The prosecutor's first motion for mistrial was made when the prosecutor argued:

> And he's carrying these documents in his briefcase. A briefcase that you're carrying, my argument wasn't that he couldn't walk across the street? My argument is how much sense does it make if you live right across the street that you need to carry a briefcase to go collect rent? What sense in the world does that make?

> As the officer testified, these documents were found inside the home, not inside of a briefcase. See, the whole briefcase comes in because it's another little fabrication to say if I could just pull one over on them and say it's a briefcase, then these dirty crooked cops just opened up my briefcase, then decided we want to put this case on you. So, we're going to throw your documents in the house and hang them up and start taking photos of them, wow, that makes sense in my head. I don't think it makes sense in anybody else's head.

14

Bradley's counsel objected "to what the Prosecutor thinks," and the trial court sustained the objection. Bradley's counsel asked the trial court to instruct the jury to disregard the statement, and the trial court instructed the jury, "[d]isregard that last statement and don't consider it for any purpose." Bradley moved for a mistrial, which the trial court denied.

The prosecutor again commented on his personal opinion when arguing:

At this time here, you're going to the back. You can ask for the evidence with the exception of the guns and the crack and the weed. And keep in mind the offense report does not come in, also. Outside of that, you can ask for the photos. If you want the specific other evidence, you can ask to inspect it. But it's probably going to be in the presence of the bailiff. I don't think it should take that long.

Bradley's counsel again objected "to what the Prosecutor thinks," and the trial court sustained the objection. Bradley's counsel asked that the jury be instructed to disregard the statement. The trial court instructed the jury "Disregard that last statement. Don't consider it for any purpose." Bradley moved for a mistrial, which the trial court denied.

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for a mistrial, the issue is whether the trial court erred in denying the mistrial. *Faulkner v. State*, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref'd) (op. on reh'g). We review a denial for mistrial under an abuse of discretion standard. *Hawkins*, 135 S.W.3d at 77.

15

Generally, an instruction to disregard impermissible argument cures any prejudicial effect. *Wesbrook*, 29 S.W.3d at 115. In assessing the curative effect of the court's instruction to disregard, the correct inquiry is whether, in light of the record as a whole, the argument was extreme, manifestly improper, injected new and harmful facts into the case, or violated a mandatory statutory provision and was thus so inflammatory that the instruction to disregard was ineffective. *Id.* at 115–16. If the instruction cured any prejudicial effect caused by the improper argument, a reviewing court should find that the trial court did not err. *Faulkner*, 940 S.W.2d at 312. We determine whether a trial court abused its discretion by denying a mistrial by balancing the three *Mosley* factors: (1) the severity of the misconduct or the magnitude of the prejudicial effect, (2) the measures adopted to cure the misconduct, and (3) the certainty of conviction absent the misconduct. *Mosley*, 983 S.W.2d at 259.

Assuming *arguendo* that the prosecutor's comments were improper, we conclude that the trial court did not abuse its discretion by overruling Bradley's two motions for mistrial. Under the first *Mosley* factor, we evaluate the severity of the misconduct. *Id.* "I don't think it makes sense in anybody else's head," and "I don't think it should take that long," although expressing the prosecutor's opinions, are not so extreme, manifestly improper, or prejudicial as to render them incurable

16

by instruction. The complained-of comments were brief, constituted only a small part of the State's argument, and were not repeated.

Under the second factor, we consider the measures adopted to cure the misconduct. *Id.* The trial court promptly instructed the jury to disregard both statements and to not consider them for any purpose. The law generally presumes an instruction to disregard and other cautionary instructions will be obeyed by the jury. *Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011). In cases involving direct statements of personal belief as to the credibility of a witness, instructions to disregard have been considered effective to cure any harm. *See, e.g.*, *McDonald v. State*, 148 S.W.3d 598, 603 (Tex. App.—Houston [14th Dist.] 2004) (instruction cured prosecutor's statement that he thought victim was "very believable"), *aff'd on other grounds*, 179 S.W.3d 571 (Tex. Crim. App. 2005); *Nauert v. State*, 838 S.W.2d 328, 329–30 (Tex. App.—Austin 1992, pet. ref'd) (instruction to disregard cured harm from prosecutor's suggestion that jury should believe witnesses because prosecutors and investigators believed her).

Under the third factor, we consider the certainty of conviction without the misconduct. *See Mosley*, 983 S.W.2d at 259. Officer Nash testified that he observed Bradley selling drugs and that Bradley admitted to him that everything in the house was his. Moreover, there was evidence that the police found numerous documents with Bradley's name in the house, refuting Bradley's defense that he

did not live there.  And, it is undisputed that Bradley showed Officer Nash where the drugs were located in the house.  This is strong evidence of guilt.

Balancing the *Mosley* factors, we hold that the prosecutor's comments about his personal opinions did not render ineffective the instructions to disregard, and that the trial court did not abuse its discretion by denying Bradley's motions for mistrial.

Accordingly, we overrule Bradley's sole point of error.

### Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

Do Not Publish.  TEX. R. APP. P. 47.2(b).

18