**Preston WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–82–130 CR.**

Court of Appeals of Texas, Beaumont.

March 30, 1983.

John W. Williford, Jr., Huntsville, for appellant.

Joe L. Price, Dist. Atty., Groveton, for appellee.

## OPINION

BROOKSHIRE, Justice.

■ Preston Williams, appellant, appeals from a jury trial in which he was adjudged guilty of the offense of rape of a child. The jury assessed punishment at confinement in the penitentiary for five (5) years. Ground of error one is:

> "The trial court committed fundamental error in allowing the jury to consider extraneous offenses in its charge."

The prosecuting attorney did proffer evidence and testimony which tended to show three (3) extraneous offenses that were said to have happened prior to the date of the offense alleged in the indictment. The indictment alleged an offense of October 31st, 1980. In appellant's brief, appellant candidly acknowledged awareness of the case of *Johns v. State,* 155 Tex.Cr. 503, 236 S.W.2d 820 (1951) and further acknowledged that the *Johns Case, supra,* "has long stood for the proposition that in statutory rape cases, the State may prove extraneous acts of intercourse between the parties as evidencing the probability of the charged act and the unnaturalness of the accused's attitude toward the victim of his lust". Nevertheless, the appellant argues that *Johns v. State, supra,* was decided before the passage of *Tex.Code Crim.Proc.Ann. art. 38.07* (Vernon 1979). *Article 38.07* provides, in pertinent part:

> "A conviction under Chapter 21, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred."

The appellant specifically complains of and assigns as fundamental error, the action of the trial court in allowing the jury to consider a certain third (3rd) incident of "sexual abuse" which was not corroborated within the six (6) months, as contemplated, according to appellant's argument, by *Article 38.07.* It must be borne in mind that the offense upon which the defendant was indicted was alleged to be on October 31st, 1980. The charged and indicted offense was reported to a rural case worker in January of 1981, within the six (6) months limitation contemplated by *Article 38.07.* The paramount thrust of appellant's argument is that there was one extraneous offense that was uncorroborated within the six (6) months period of time. We hold that the perspicuous wording of *Article 38.07* applies to a conviction on the alleged incident or offense for which a defendant was actually tried and convicted. We further hold that *Article 38.07* is not applicable to extraneous offenses that are otherwise properly admitted into evidence before the jury. The trial judge properly limited the jury's consideration of the extraneous offenses by requiring that the trial jury not consider them unless the jury believed that the extraneous offenses occurred beyond a reasonable doubt. Additionally, the trial judge further limited the jury's consideration of the said extraneous offenses to the question of whether they aided the jury in passing upon the question or main issue of whether or not the incident, or act, of October 31st, 1980, as alleged in the indictment, actually occurred. *Jones v. State, supra. Garcia v. State,* 629 S.W.2d 196 (Tex.App.—Corpus Christi 1982, disc. rev. ref'd); *Gomez v. State,* 626 S.W.2d 113 (Tex.App.—Corpus Christi 1981, disc. rev. ref'd). One phase of the defense of the case can be fairly described that the defendant did not have the requisite intent. Therefore, the extraneous offenses were admissible under the well settled rule that permits the proof of extraneous offenses as a logical refutation of a defensive theory. *Gomez v. State, supra; Rubio v. State,* 607 S.W.2d 498 (Tex.Cr.App. 1980). Ground of error one is overruled.

■ Ground of error two is:

> "The trial court erred in finding that appellant was provided reasonably effective assistance of counsel."

Under this ground of error, the appellant complains of the trial counsel's failure to object to the omission in the court's charge concerning the instruction required by *Article 38.07.* Said *Article 38.07,* in relevant part, provides:

"The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim."

Under the record in our case, we do not perceive reversible error resulting from the failure of the trial court to give the so-called mandatory instruction. Moreover, on the alleged error of failing to provide reasonably effective assistance of counsel, we are to look to the record as a totality. Appellant also avers that the jury should have been instructed, concerning a statement of the mother of the prosecutrix to the effect that the prosecutrix first told her of the indicted incident in the office of the district attorney. This pertains to the incident for which the appellant was indicted, tried and convicted. *Article 38.07* makes no such requirement.

On a second phase of error two, the appellant strongly urges that he was denied effective assistance because of the failure to call certain requested character witnesses during the guilt/innocent phase of the trial. At the hearing on the defendant's motion for new trial, held on July 20, 1982, the trial attorney involved, we think, made sufficient, adequate and intelligent explanation of why certain "character witnesses" were not actually put on the stand. Under the recognized standard or criterion termed "reasonably effective assistance of counsel", the law does not undertake to guarantee a perfect trial or an absolutely errorless trial. All of the particular circumstances of each individual record and case must be considered and weighed by the reviewing court. Furthermore, the totality of the counsel's efforts, actions, advice and guidance decides whether or not reasonably effective assistance of counsel was present. The whole record before us must affirma-tively demonstrate counsel's ineffectiveness and the reviewing court is not to "second guess" through hindsight the strategy adopted by counsel at trial, it being basically unreasonable to judge an attorney by what another attorney would have done, or says he would have done, during the heat of a hotly contested adversary proceeding. Very recently, this court has carefully reviewed the question of "reasonably effective assistance of counsel" in an able, scholarly and well-reasoned opinion. See *Yeager v. State,* No. 09–82–124 CR (Tex.App.—Beaumont, March 9, 1983, no writ) (not yet reported).

Our record contains a transcript of conversation between Mr. Preston Williams and his then attorney of record, Mr. Tom Brown, on June 7, 1982. This conversation and conference took place before the trial on the merits. The then counsel for the defendant carefully analyzed and explained, in considerable detail, the State's case to the defendant. After this was done, the attorney suggested to the defendant that he agree to a plea bargaining arrangement whereby the defendant would receive probation. At that time the offer of probation was still open and viable. Honorable Tom Brown's advice was correct. The appellant refused the plea bargaining offer; he had a right to do so. Nevertheless, the trial defense counsel stated that everything in his power would be done for the defense of the case and that the advice given did not mean that the defendant's trial counsel thought that the defendant was guilty. Again, reviewing the whole record, we perceive no reversible error. Ground of error two is overruled.

AFFIRMED.