**Clinton Wayne YORK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–07–00180–CR.**

Court of Appeals of Texas,
Waco.

May 28, 2008.

John Hurley, Waco, TX, for Appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, TX, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Clinton Wayne York of indecency with a child and sentenced him to twenty years in prison and a $10,000 fine. York brings four issues on appeal: (1) the punishment charge was fundamentally defective; (2) the trial court erred by overruling his motions for mistrial; (3) the trial court erred by overruling his objection to the State's jury argument; and (4) the judgment should be reformed. We affirm.

## PUNISHMENT CHARGE

In his first issue, York contends that the punishment charge improperly authorized the jury to consider uncorroborated extraneous offense evidence.

During the punishment phase, the State called York's nephew, R.L., who testified that York had molested him in the past. He told no one but his mother. However, his mother testified that R.L. had never disclosed the abuse to her, that he is not always truthful, was committed to a psychiatric hospital after attempting suicide, and had accused others of sexual assault,

but not York. R.L. was thirty-nine at the time of trial. The jury charge included an instruction on extraneous offense evidence.

Because the alleged offenses occurred before 1983, York argues that R.L.'s testimony must be corroborated under article 38.07 of the Code of Criminal Procedure.[1] He contends that R.L.'s uncorroborated testimony is insufficient to establish beyond a reasonable doubt that the alleged offenses occurred. Thus, in reliance on *Carmell v. Texas*, 529 U.S. 513, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000), he contends that the jury should not have been allowed to consider R.L.'s testimony and the trial court violated the prohibition against *ex post facto* laws by submitting the issue to the jury.

In *Carmell*, the United States Supreme Court addressed whether an amendment to article 38.07 "may be applied in a trial for offenses committed before the amendment's effective date without violating the constitutional prohibition against State '*ex post facto*' laws." *Id.* at 516, 120 S.Ct. at 1624. The amendment "authorized conviction of certain sexual offenses on the victim's testimony alone." *Id.* "The previous statute required the victim's testimony plus other corroborating evidence to convict the offender." *Id.* The Court held that the amendment violates the prohibition against *ex post facto* laws:

Article 38.07 is unquestionably a law "that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender." Under the law in effect at the time the acts were committed, the prosecution's case was legally insufficient and petitioner was entitled

to a judgment of acquittal, unless the State could produce both the victim's testimony *and* corroborative evidence. The amended law, however, changed the quantum of evidence necessary to sustain a conviction; under the new law, petitioner could be (and was) convicted on the victim's testimony alone, without any corroborating evidence. Under any commonsense understanding of *Calder's* [*v. Bull*, 3 U.S. 386, 3 Dall. 386, 1 L.Ed. 648 (1798)] fourth category, Article 38.07 plainly fits. Requiring only the victim's testimony to convict, rather than the victim's testimony plus other corroborating evidence is surely "less testimony required to convict" in any straightforward sense of those words.

*Id.* at 530, 120 S.Ct. at 1631. The Court also held that "article 38.07 is a sufficiency of the evidence rule," which "does not merely 'regulate . . . the mode in which the facts constituting guilt may be placed before the jury,' (Rule 601(a) already does that), but governs the sufficiency of those facts for meeting the burden of proof." *Id.* at 545, 120 S.Ct. at 1639.

Unlike *Carmell*, this case involves the admissibility of extraneous offense evidence presented during *punishment.* The State argues that Article 38.07 and *Carmell* are inapplicable because they do not govern the admission of evidence at punishment. York responds that they should apply because: (1) the *ex post facto* clause does not distinguish between "conviction and punishment;" (2) the beyond a reasonable doubt standard applies to both guilt and extraneous offense evidence; and (3) the *ex post facto* clause is "designed to serve [ ] fundamental fairness."

---

1. Not until 1983 was Article 38.07 amended to allow the uncorroborated testimony of victims under the age of 14. *See* Act of May 19, 1983, 68th Leg., R.S., ch. 977 § 7, 1983 Tex. Gen. Laws 5311, 5319 (current version at TEX.CODE.CRIM. PROC. ANN. art. 38.07 (Vernon 2005)).

Few Texas courts have addressed whether article 38.07 applies to the punishment phase of trial. In *Reyes v. State*, No. 07–01–0427–CR, 2002 WL 31174934, 2002 Tex.App. Lexis 7008 (Tex.App.–Amarillo Oct. 1, 2002, pet. ref'd) (not designated for publication), the Amarillo Court distinguished *Carmell* on the basis that it dealt with the admissibility of evidence during guilt-innocence and "[i]t was in that context that the *Carmell* court held that the constitutional prohibition against *ex post facto* laws required application of the version of article 38.07 that was in effect at the time of the offense." *Id.* at *2, 2002 Tex.App. Lexis 7008 at *4–5. Reyes challenged "whether the testimony of a witness, not the defendant, about prior uncharged bad conduct is admissible at the punishment phase." *Id.* at *2, 2002 Tex.App. Lexis 7008 at *5. Finding *Carmell* inapplicable, the Amarillo Court held that the "admissibility of evidence at the punishment phase of trial is governed by article 37.07," not Article 38.07. *Id.*; *see also Williams v. State*, 653 S.W.2d 517, 519 (Tex.App.–Beaumont 1983, no writ) ("Article 38.07 is not applicable to extraneous offenses that are otherwise properly admitted into evidence before the jury").

In *Hettinger v. State*, No. 04–04–00920–CR, 2006 WL 332545, 2006 Tex.App. Lexis 1198 (Tex.App.–San Antonio Feb. 15, 2006, pet. ref'd) (not designated for publication), Hettinger cited *Carmell* for the proposition that "the court erred in admitting at punishment the uncorroborated testimony of his step-daughter that he repeatedly sexually assaulted her when she was a child." *Id.* at *1, 2006 Tex.App. Lexis 1198 at *2. The San Antonio Court found *Carmell* "inapposite" because "we are not concerned with whether a change in the law has lowered the quantum of evidence necessary to support a conviction for aggravated sexual assault," but rather with the "admissibility of extraneous offense evidence under article 37.07." *Id.* at *1, 2006 Tex.App. Lexis 1198 at *3. "'[U]nlike article 38.07, the statute at issue in *Carmell*, article [37.07] is not a sufficiency of the evidence rule' since 'it pertains to what kind of evidence may be introduced at law,' not what type of evidence is 'required for conviction of the offense [charged].'" *Id.* (quoting *McCulloch v. State*, 39 S.W.3d 678, 684 (Tex.App.–Beaumont 2001, pet. ref'd) and citing *Rogers v. State*, 991 S.W.2d 263, 265 (Tex.Crim.App.1999)). The San Antonio Court held that "the requirements of article 38.07 and *Carmell* are irrelevant to the admission of extraneous offense evidence offered at punishment, the admissibility of which is governed by article 37.07." *Id.* at *1, 2006 Tex.App. Lexis 1198 at *4.

Because we agree with the reasoning of *Reyes* and *Hettinger*, we hold that article 38.07 and *Carmell* are inapplicable to the admissibility of extraneous offense evidence offered at the punishment phase of trial. *See Hettinger*, 2006 WL 332545, at *1, 2006 Tex.App. Lexis 1198, at *4; *Reyes*, 2002 WL 31174934 at *2, 2002 Tex.App. Lexis 7008, at *5; *Williams*, 653 S.W.2d at 519; *see also Rogers*, 991 S.W.2d at 265; *McCulloch*, 39 S.W.3d at 684. The trial court's charge was proper and did not violate the prohibition against *ex post facto* laws. We overrule York's first issue.

## DENIAL OF MOTIONS FOR MISTRIAL

York's second issue challenges the denial of his motions for mistrial, after the trial court sustained his objections to the State's jury argument at punishment and instructed the jury to disregard the State's comments.

### Standard of Review

■ The denial of a motion for mistrial, appropriate for "highly prejudicial and

incurable errors," is reviewed for abuse of discretion. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex.Crim.App.2003). We consider three factors when determining whether the trial court abused its discretion in overruling a motion for mistrial during punishment: (1) the severity of the misconduct (prejudicial effect); (2) curative measures; and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed). *Perez v. State*, 187 S.W.3d 110, 112 n. 1 (Tex.App.–Waco 2006, no pet.) (quoting *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex.Crim.App.2004)).

## Analysis

■ In addition to denying that R.L. ever disclosed the abuse by York and expressing doubt as to R.L.'s credibility, R.L.'s mother testified that a person convicted of intentionally touching a child's genitals should not be "punished harshly." In closing, defense counsel argued that mothers "take appropriate action" to protect their children, adding: (1) "[n]ever having said a mumbling word to anybody unless you mothers of the jury believe that this mother would take no action regarding sexual abuse of her child"; (2) "tell me that a mother will protect her brother before she protects her child"; and (3) "to believe that a mother would not take action when her very child is involved is something you really have to question." In rebuttal, the State argued:

> He [R.L.] told you the truth and I heard numerous times to the reference that, well, he told his mother. And, you know, a mother, you know, they protect. I'm sorry, but it happens all the time. We see it all the time.

York objected that the argument was outside the evidence. The trial court sustained the objection and, at York's request, instructed the jury to "disregard the com-

ments." The trial court denied York's motion for mistrial.

> What I'm saying is, is that [R.L.'s mother] wants to just come in here and say that she didn't know why R.L. was being abused. Well, I can't explain to you why a parent would not go forward or would not protect their children, would not say that, yeah, my child was abused or tell the police or whatever, but I'm telling you, that—that's the way that—that happens frequently.

York again objected that the argument was outside the evidence. The trial court sustained the objection. York requested an instruction to disregard and the trial court stated, "The jury will be so instructed." The trial court denied York's motion for mistrial. On appeal, York argues that his motions should have been granted because the State's arguments improperly placed "extraneous matters before the jury."

Assuming, without deciding, that the State's arguments were improper, the severity of the misconduct was not great and the trial court's prompt instructions to disregard were sufficient to cure any error. *See Martinez v. State*, 17 S.W.3d 677, 691 (Tex.Crim.App.2000) ("Even when the prosecutor mentions facts outside the record during argument, an instruction to disregard will generally cure the error"); *see also Guidry v. State*, 9 S.W.3d 133, 154 (Tex.Crim.App.1999) (instruction to disregard cured prosecutor's argument that co-defendant was "on death row," a fact outside the evidence); *Colburn v. State*, 966 S.W.2d 511, 520 (Tex.Crim.App.1998) (we presume that the jury complied with the trial court's instructions). York maintains that "stronger instructions were called for." However, general instructions to disregard have been found sufficient to cure any error arising from jury arguments. *See Jenkins v. State*, 912 S.W.2d 793, 819–20 (Tex.Crim.App.1995) ("The jury is so instructed" was sufficient to cure

any error in the State's jury argument); *see also Johnson v. State,* 871 S.W.2d 183, 191–92 (Tex.Crim.App.1993) (instruction to "Disregard the last statement" was sufficient to cure any error in the State's jury argument); *Dukes v. State,* 239 S.W.3d 444, 451 (Tex.App.–Dallas 2007, pet. ref'd) (defendant complained that instruction to "[d]isregard that last statement" was " 'very generic,' did not instruct the jury that the argument was improper, and did not instruct the jury not to consider the improper argument for any purpose," but defendant had "requested no such instruction," merely asking that the jury "be instructed to disregard it"). The State's comments were not so extreme as to render ineffective the trial court's prompt instructions to disregard. *See Martinez,* 17 S.W.3d at 691.

Absent the State's arguments, it is unlikely that York's punishment would have been substantially less. The State presented sufficient evidence at the guilt-innocence phase to establish York's guilt.[2] At punishment, the State presented evidence that a case for possession of marihuana was pending against York, that York had touched another child on the leg, and that York had molested R.L. We cannot say that the trial court abused its discretion by denying York's motions for mistrial. We overrule issue two.

## OBJECTION TO THE STATE'S JURY ARGUMENT

In his third issue, York argues that the trial court improperly denied his objection to the State's jury argument during punishment.

### Standard of Review

■■■ We review a trial court's rulings on objections to argument for abuse of discretion. *See Cole v. State,* 194 S.W.3d 538, 546 (Tex.App.–Houston [1st Dist.] 2006, pet. ref'd); *see also Montgomery v. State,* 198 S.W.3d 67, 95 (Tex.App.–Fort Worth 2006, pet. ref'd). Proper jury argument includes: (1) summation of the evidence presented at trial; (2) reasonable deduction drawn from that evidence; (3) answer to the opposing counsel's argument; or (4) a plea for law enforcement. *Jackson v. State,* 17 S.W.3d 664, 673 (Tex. Crim.App.2000).

### Analysis

■■■ In closing, the State argued for a twenty-year sentence, stating "It takes for people like ourselves who are law-abiding citizens to respect our criminal justice system, to respect our system and for criminals to fear our system, you have to give a sentence that is strong and a long sentence." The State further argued:

When I think about the opportunity that you have, you not only have an opportunity to send a message to this particular defendant about how you feel about the offenses that he's committed, you also have an opportunity to send a message to other people. *I mean when you*

---

**2.** The child victim identified York and testified that York touched her "private" with his hand. Another child testified that she saw York's hand in the victim's pants. Don Marshall, an investigator for the McLennan County District Attorney's Office, testified that York initially denied any improper conduct, but later stated that if his hand had slipped into the victim's pants, it happened accidentally. York told Detective Scott Holt that on the day of the offense, he had instructed the victim and other children who were present to hold his hands to keep him from touching them in places he should not touch because he had been drinking and did not always make "accurate choices" after drinking. York also told Holt that if the touching did occur, he was unaware of it or it happened accidentally. York testified in his defense and denied any wrongdoing.

*think about—when you think about your job and when you think about, for example, what it is that you want the newspaper to say when you open up the newspaper tomorrow and you get to tell friends or family about how it was that a McLennan County jury—*

York objected that this is a "community conscience argument." The State responded that it was a proper plea for law enforcement. The trial court overruled the objection. York contends that the objection should have been sustained because the State's argument improperly suggested to the jury that it should be "pressured by community sentiment to return a particular verdict" or "bow to community expectations."

■ It is improper for a prosecutor, during closing argument, to attempt to induce the jury to give a specific punishment to a defendant because the community desires or expects a certain punishment. *See Borjan v. State,* 787 S.W.2d 53, 56 (Tex.Crim.App.1990). A prosecutor does not necessarily make an improper appeal to the community's desires just by referring to the community during argument. *See Rivera v. State,* 82 S.W.3d 64, 69 (Tex. App.San Antonio 2002, pet. ref'd).

We cannot say that the State's argument was an improper attempt to induce the jury to assess a punishment that the community would desire or expect. Rather, it constitutes a proper plea for law enforcement. *See Bell v. State,* 724 S.W.2d 780, 801–02 (Tex.Crim.App.1986) (comment urging jury to "remember and think about how [friends and neighbors] will ask you at the end of case when it's all over" did not "assert or imply that the community demands or expects a conviction"); *see also Whittington v. State,* 580 S.W.2d 845, 847 (Tex.Crim.App.1979) (comment that "you will want to give them an answer you can be proud of, that your friends and neigh-

bors can be proud of" constituted a proper plea for law enforcement); *Sellers v. State,* No. 05–03–01719–CR, 2005 WL 352038, *1, 2005 Tex.App. Lexis 1181, at *2–3 (Tex. App.–Dallas Feb. 15, 2005, pet. ref'd) (not designated for publication) (asking jury "What do you want the newspaper to say tomorrow? Jury gives man who rapes 89–year–old lady probation?" was "not an improper appeal to community expectations"); *Goff v. State,* 794 S.W.2d 126, 127–28 (Tex.App.–Austin 1990, pet. ref'd) (comment that "If you want to find somebody like this innocent of the charge, you may do it, but you will have to explain your actions to the community" not improper). The trial court did not abuse its discretion by overruling York's objection to the State's argument. We overrule York's third issue.

### INCORRECT JUDGMENT

■ York's fourth issue urges that the judgment should be reformed. York was originally charged with two counts of indecency with a child. Although the State abandoned Count II, judgment was entered on both counts. At a subsequent hearing, York made a motion for judgment nunc pro tunc drawing the trial court's attention to the error. With the State's agreement, the trial court entered a nunc pro tunc order vacating and withdrawing the judgment as to Count II.

The trial court was authorized to correct the error by nunc pro tunc order. *See State v. Bates,* 889 S.W.2d 306, 309 (Tex. Crim.App.1994) ("nunc pro tunc orders may be used only to correct clerical errors in which no judicial reasoning contributed to their entry, and for some reason were not entered of record at the proper time"); *see also Jones v. State,* 795 S.W.2d 199, 202 n. 1 (Tex.Crim.App.1990) (purpose of a nunc pro tunc order is to have the court records accurately reflect the judgment

actually rendered). Accordingly, York's fourth issue is moot.

The judgment is affirmed.