NO. 07-06-0474-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 19, 2008

_____

MARIO ARAIZA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410799; HON. JIM BOB DARNELL, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Mario Araiza appeals from his jury conviction for the offense of delivery of a controlled substance, enhanced, and the resulting sentence of life imprisonment. Through three issues, appellant contends the trial court reversibly erred by permitting the State to refer to him as the "criminal defendant" during the guilt-innocence phase of his trial, and as a "rapist" during argument in the punishment phase of his trial, and in allowing improper jury argument during the guilt-innocence phase of his trial. We affirm.

Factual and Procedural Background

Appellant does not challenge the sufficiency of the evidence presented at trial, so a detailed recitation of the evidence is not required here. By a November 2005 indictment, appellant was charged with delivery of a controlled substance, cocaine, in an amount less than four grams but more than one gram.[1] The indictment also contained two enhancement paragraphs.[2]

Evidence at trial showed appellant sold cocaine to an undercover officer. The sale was arranged through a confidential informant who knew appellant through his work. The State's evidence included an audio recording of the sale of cocaine. Appellant testified during the guilt/innocence phase he sold the informant drugs after she repeatedly asked him about drug dealers. He maintained that he did not sell drugs before or after the transaction at issue and did not use drugs. Instead, he said he sold the drugs to the informant on this occasion because he felt she needed the drugs and he felt sorry for her.

Following presentation of the evidence, the jury found appellant guilty as charged in the indictment. After appellant pled "true" to the enhancements set forth in the

---

[1] See Tex. Health & Safety Code Ann. § 481.112(c) (Vernon 2001). This is a second degree felony punishable by imprisonment for any term of not more than 20 years or less than 2 years. Tex. Penal Code Ann. § 12.32 (Vernon 2003).

[2] The first paragraph set forth appellant's previous felony conviction for aggravated sexual assault of a child. The second paragraph set forth his previous felony conviction for burglary of a habitation. Appellant pled "true" to both enhancements. Appellant's punishment range was enhanced to that of a first degree felony. Tex. Penal Code Ann. § 12.42 (Vernon 2007).

indictment, the jury assessed punishment at imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a life term.

## Issues

Through three issues, appellant contends the trial court erred by: (1) allowing the State to refer to appellant as "criminal defendant" during direct examination of a witness in violation of his due process rights to a fair trial and presumption of innocence; (2) allowing improper jury argument during the guilt-innocence phase of the trial, thereby depriving appellant of his right to a fair trial; and (3) allowing the State to refer to appellant as a "rapist" during argument following the punishment phase of the trial.

## Analysis

*Reference to Appellant as "Criminal Defendant"*

Appellant first complains of the prosecutor's reference to him as the "criminal defendant." This single reference was made during direct examination of a witness. The prosecutor asked, "[t]he Mario Araiza that you've been testifying about . . ., do you see him in the courtroom today?" After the witness answered affirmatively, the prosecutor stated, "I am pointing at the criminal Defendant in this case, Mr. Mario Araiza, is this the Mario Araiza that you've been testifying about and that you've identified in court?" Defense counsel objected, stating that appellant was "the accused. He's the Defendant." Counsel contended that this was a highly prejudicial statement and asked the trial court to instruct the State not to call appellant a "criminal defendant." The court overruled the objection.

On appeal, appellant contends the trial court's action deprived him of his due process rights to a fair trial and the presumption of innocence. The objection advanced at trial was only to the effect that the reference was "highly prejudicial," not that it deprived appellant of any constitutional rights. To preserve error for our review, the complaint on appeal must comport with the objection advanced at trial. *Johnson v. State,* 803 S.W.2d 272, 292 (Tex.Crim.App. 1990), *cert denied,* 501 U.S. 1259 (1991); *Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim.App. 1986). Because appellant's complaints on appeal advance a different legal theory than that indicated in his objection at trial, his first appellate issue presents nothing for our review. We overrule the issue.

*Reference to Individual Juror During Closing Argument*

Appellant also complains of the State's use of an individual juror's name in a hypothetical example the prosecutor described during closing argument in the guilt-innocence phase of the trial.[3] No objection to the use of the juror's name was raised at trial, so the issue presents nothing for our review. *See Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App. 1996), *cert. denied,* 520 U.S. 1173, 117 S.Ct. 1442 (1997); *Moreno v. State,* 195 S.W.3d 321, 329 (Tex.App.–Houston [14th Dist.] 2006, pet. ref'd) (both holding failure to object to jury argument forfeits right to complain on appeal). We overrule appellant's second issue.

---

[3] The prosecutor's hypothetical stated, "If I go to Mr. Wolfe, 'Mr. Wolfe, I have the keys to [a jewelry store], and there's no security at night. And you know that big diamond necklace is in the front window, and I have been wanting it. And I can't afford it, and I want it so bad. The door is unlocked. Get me that diamond. Go in there and get me that diamond. Please go get me that diamond.' Is any normal law abiding citizen going to say, 'I'm going to steal that diamond. Please stop bugging me'?"

*Reference to Appellant as "Rapist"*

Appellant lastly complains of the prosecutor's reference, during closing argument at the punishment phase of trial, to appellant as a "rapist." The prosecutor made this reference while discussing appellant's prior convictions. As part of this argument, the State noted that appellant's probation for burglary of a habitation was revoked for failure to follow the rules. The prosecutor also noted that appellant was convicted of aggravated sexual assault of a child and called appellant a "child molester" and a "child rapist." Appellant objected to the use of the terms, stating "[t]here is no evidence that there was a rape, or if it was just abuse." The trial court did not explicitly rule on the objection, but stated it would allow the State to "make reference to the charge." The prosecutor continued argument, referring to the aggravated sexual assault conviction using the phrases "child molesting" and "molest children," without further objection.

We review trial court rulings on jury argument objections for abuse of discretion. *York v. State,* 258 S.W.3d 712, 717 (Tex.App.–Waco 2008, pet. ref'd), *citing Cole v. State,* 194 S.W.3d 538, 546 (Tex.App.–Houston [1st Dist.] 2006, pet. ref'd). We find no abuse of discretion in the trial court's implicit overruling of appellant's objection. In a recent opinion, the Fort Worth Court of Appeals cited Texas cases upholding jury arguments calling a defendant an animal, a fool, vicious, a liar, a dog, a cold-blooded killer, a jerk, a troublemaker, a one-man crime wave and contending that a defendant "has no conscience, no heart, no recognition of right or wrong [and is] perched on the rim of hell, looking deep into it" as reasonable deductions from the evidence in light of the facts of each case. *Kennedy v. State,* 193 S.W.3d 645, 657 (Tex.App.–Fort Worth 2006, pet. ref'd) (internal

5

citations omitted) (finding the State's reference to the defendant as "the biggest coward that walks the face of the earth" a reasonable deduction from the evidence).[4] Here, the "rapist" characterization occurred during argument in the punishment phase of trial after appellant pled "true" to the enhancement allegation he had been convicted of aggravated sexual assault of a child. The record before us does not provide details of the facts underlying appellant's conviction of the sexual assault offense, so we have no basis to evaluate the accuracy of the term "rapist" as applied to appellant. Under these circumstances, we are unwilling to find the trial court abused its discretion by overruling the objection. Appellant's third issue is overruled.

Overruling each of appellant's three issues, we affirm the trial court's judgment.


James T. Campbell
Justice



Do not publish.

---

[4] *See Rocha v. State,* 16 S.W.3d 1, 21 (Tex.Crim.App. 2000) (four areas of permissible jury argument are: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) a plea for law enforcement).