NO. 07-06-0474-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 19, 2008

______________________________


MARIO ARAIZA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410799; HON. JIM BOB DARNELL, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Mario Araiza appeals from his jury conviction for the offense of delivery
of a controlled substance, enhanced, and the resulting sentence of life imprisonment. 
Through three issues, appellant contends the trial court reversibly erred by permitting the
State to refer to him as the “criminal defendant” during the guilt-innocence phase of his
trial, and as a “rapist” during argument in the punishment phase of his trial, and in allowing
improper jury argument during the guilt-innocence phase of his trial. We affirm.
Factual and Procedural Background
          Appellant does not challenge the sufficiency of the evidence presented at trial, so
a detailed recitation of the evidence is not required here. By a November 2005 indictment,
appellant was charged with delivery of a controlled substance, cocaine, in an amount less
than four grams but more than one gram.


 The indictment also contained two
enhancement paragraphs.


 
          Evidence at trial showed appellant sold cocaine to an undercover officer. The sale
was arranged through a confidential informant who knew appellant through his work. The
State’s evidence included an audio recording of the sale of cocaine. Appellant testified
during the guilt/innocence phase he sold the informant drugs after she repeatedly asked
him about drug dealers. He maintained that he did not sell drugs before or after the
transaction at issue and did not use drugs. Instead, he said he sold the drugs to the
informant on this occasion because he felt she needed the drugs and he felt sorry for her. 
 
          Following presentation of the evidence, the jury found appellant guilty as charged
in the indictment. After appellant pled “true” to the enhancements set forth in the
indictment, the jury assessed punishment at imprisonment in the Institutional Division of
the Texas Department of Criminal Justice for a life term. 
Issues
          Through three issues, appellant contends the trial court erred by: (1) allowing the
State to refer to appellant as “criminal defendant” during direct examination of a witness
in violation of his due process rights to a fair trial and presumption of innocence; (2)
allowing improper jury argument during the guilt-innocence phase of the trial, thereby
depriving appellant of his right to a fair trial; and (3) allowing the State to refer to appellant
as a “rapist” during argument following the punishment phase of the trial.
Analysis
Reference to Appellant as “Criminal Defendant”
          Appellant first complains of the prosecutor’s reference to him as the “criminal
defendant.” This single reference was made during direct examination of a witness. The
prosecutor asked, “[t]he Mario Araiza that you’ve been testifying about . . ., do you see him
in the courtroom today?” After the witness answered affirmatively, the prosecutor stated,
“I am pointing at the criminal Defendant in this case, Mr. Mario Araiza, is this the Mario
Araiza that you’ve been testifying about and that you’ve identified in court?” Defense
counsel objected, stating that appellant was “the accused. He’s the Defendant.” Counsel
contended that this was a highly prejudicial statement and asked the trial court to instruct
the State not to call appellant a “criminal defendant.” The court overruled the objection.
          On appeal, appellant contends the trial court’s action deprived him of his due
process rights to a fair trial and the presumption of innocence. The objection advanced at
trial was only to the effect that the reference was “highly prejudicial,” not that it deprived
appellant of any constitutional rights. To preserve error for our review, the complaint on
appeal must comport with the objection advanced at trial. Johnson v. State, 803 S.W.2d
272, 292 (Tex.Crim.App. 1990), cert denied, 501 U.S. 1259 (1991); Thomas v. State, 723
S.W.2d 696, 700 (Tex.Crim.App. 1986). Because appellant’s complaints on appeal
advance a different legal theory than that indicated in his objection at trial, his first
appellate issue presents nothing for our review. We overrule the issue. 
Reference to Individual Juror During Closing Argument 
          Appellant also complains of the State’s use of an individual juror’s name in a
hypothetical example the prosecutor described during closing argument in the guilt-innocence phase of the trial.


 No objection to the use of the juror’s name was raised at
trial, so the issue presents nothing for our review. See Cockrell v. State, 933 S.W.2d 73,
89 (Tex.Crim.App. 1996), cert. denied, 520 U.S. 1173, 117 S.Ct. 1442 (1997); Moreno v.
State, 195 S.W.3d 321, 329 (Tex.App.–Houston [14th Dist.] 2006, pet. ref’d) (both holding
failure to object to jury argument forfeits right to complain on appeal). We overrule
appellant’s second issue.
Reference to Appellant as “Rapist” 
          Appellant lastly complains of the prosecutor’s reference, during closing argument at
the punishment phase of trial, to appellant as a “rapist.” The prosecutor made this
reference while discussing appellant’s prior convictions. As part of this argument, the State
noted that appellant’s probation for burglary of a habitation was revoked for failure to follow
the rules. The prosecutor also noted that appellant was convicted of aggravated sexual
assault of a child and called appellant a “child molester” and a “child rapist.” Appellant
objected to the use of the terms, stating “[t]here is no evidence that there was a rape, or if
it was just abuse.” The trial court did not explicitly rule on the objection, but stated it would
allow the State to “make reference to the charge.” The prosecutor continued argument,
referring to the aggravated sexual assault conviction using the phrases “child molesting” and
“molest children,” without further objection. 
          We review trial court rulings on jury argument objections for abuse of discretion. 
York v. State, 258 S.W.3d 712, 717 (Tex.App.–Waco 2008, pet. ref’d), citing Cole v. State,
194 S.W.3d 538, 546 (Tex.App.–Houston [1st Dist.] 2006, pet. ref’d). We find no abuse of
discretion in the trial court’s implicit overruling of appellant’s objection. In a recent opinion,
the Fort Worth Court of Appeals cited Texas cases upholding jury arguments calling a
defendant an animal, a fool, vicious, a liar, a dog, a cold-blooded killer, a jerk, a
troublemaker, a one-man crime wave and contending that a defendant “has no conscience,
no heart, no recognition of right or wrong [and is] perched on the rim of hell, looking deep
into it” as reasonable deductions from the evidence in light of the facts of each case. 
Kennedy v. State, 193 S.W.3d 645, 657 (Tex.App.–Fort Worth 2006, pet. ref’d) (internal
citations omitted) (finding the State’s reference to the defendant as “the biggest coward that
walks the face of the earth” a reasonable deduction from the evidence).


 Here, the “rapist”
characterization occurred during argument in the punishment phase of trial after appellant
pled “true” to the enhancement allegation he had been convicted of aggravated sexual
assault of a child. The record before us does not provide details of the facts underlying
appellant’s conviction of the sexual assault offense, so we have no basis to evaluate the
accuracy of the term “rapist” as applied to appellant. Under these circumstances, we are
unwilling to find the trial court abused its discretion by overruling the objection. Appellant’s
third issue is overruled.
          Overruling each of appellant’s three issues, we affirm the trial court’s judgment.
 
James T. Campbell
Justice
 
 
 
Do not publish.