

# IN THE
# TENTH COURT OF APPEALS

No. 10-08-00226-CR

**DARWIN V. ARCHIE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the County Court at Law
Walker County, Texas
Trial Court No. 07-0378

## MEMORANDUM OPINION

A jury convicted Darwin V. Archie of driving while intoxicated and sentenced him to ninety days in jail and a $1,000 fine, both probated for eighteen months. In one issue, Archie contends that the trial court abused its discretion by overruling his objection to the State's allegedly improper jury argument. We affirm.

Officer Jeff Dugas stopped Archie for speeding. When he approached the window of Archie's vehicle, Dugas observed an open can of beer and what he believed to be the pistol grip of a weapon. The weapon was a twelve gauge shotgun containing

two shells. Dugas removed the shells. The State mentioned the shotgun during closing

arguments:

> Think about all that, Ladies and Gentlemen, and when you do go back
> there, yes, it is about accountability. Hold yourselves accountable to
> follow the law. Ask yourself was he intoxicated. Did we prove that to
> you beyond a reasonable doubt? Look at all the evidence, and look at
> how it shows you he is intoxicated, Ladies and Gentlemen, and then *hold
> him accountable for driving down the road with a beer and a shotgun*. Hold him
> accountable for being intoxicated --

(Emphasis added). Archie objected, "She said hold him accountable for having a beer

and a shotgun. I wasn't aware that we could find a determination of guilt on this

Charge from that." The trial court overruled the objection and the State continued:

> Hold him accountable for endangering the lives of those who are on 45,
> when he was driving down 45 intoxicated. Hold him accountable, Ladies
> and Gentlemen, and do that by finding him guilty, because that is the oath
> that you have taken. You have taken an oath to follow the law.
>
> We've proven our case beyond a reasonable doubt, so that oath requires
> you to find him guilty. Thank you.

Archie requested a mistrial: "'Hold him accountable for having a beer and a shotgun in

his car' basically entirely summarized giving them an opportunity to find him guilty of

everything but driving while intoxicated." The trial court denied the motion.

On appeal, Archie contends that the State improperly asked the jury to hold him

accountable for non-criminal conduct, that the trial court implicitly authorized such a

result by overruling his objection, and that the jury so found, having twice informed the

trial court that it was dead-locked.

Assuming without deciding that the argument was improper, any error would

be harmless. *See Jackson v. State,* 17 S.W.3d 664, 673 (Tex. Crim. App. 2000) (Proper jury

argument includes: (1) summation of the evidence presented at trial; (2) reasonable deduction drawn from that evidence; (3) answer to the opposing counsel's argument; or (4) a plea for law enforcement); *see also Melton v. State*, 713 S.W.2d 107, 114 (Tex. Crim. App. 1986) (Jury argument is improper where the State suggests that the defendant is responsible for a crime other than that alleged in the indictment). When addressing harm, we consider: (1) the severity of the misconduct (prejudicial effect); (2) curative measures; and (3) the certainty of conviction absent the misconduct. *Martinez v. State,* 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000).

First, the State's argument was not repeated and does not amount to severe conduct. In fact, the defense had previously argued that Archie was merely stopped for a traffic violation and was not intoxicated and, thus, questioned why Archie's vehicle was searched extensively and why other officers arrived at the scene. In response, the State emphasized the importance of the shotgun, not as criminal conduct, but as an explanation of the officers' actions during the traffic stop. The State asked, without objection, "How do we feel about someone driving down the street with a beer and a shotgun in their car?" Thereafter, the State made the argument objected to by Archie. However, the State used the majority of its argument to emphasize facts establishing intoxication: the open can of beer, Archie's failure to follow instructions, his performance of the field sobriety tests, the results of the field sobriety tests, the odor of alcohol, and his thick-tongued speech.

Second, having overruled Archie's objection, the trial court took no curative measures.[1] However, both the defense and the State emphasized the proper burden of proof during closing. The trial court's charge also instructed the jury to find guilt only beyond a reasonable doubt.[2]

Third, it is doubtful that the State's argument contributed to Archie's conviction. Dugas testified that the sixteen ounce can of beer was about half full and cold to the touch. Archie admitted drinking, but claimed to be "straight." His breath smelled of alcohol and his speech was "thick-tongued." During the horizontal gaze nystagmus test, Archie struggled to follow instructions and showed four of six clues of intoxication. Dugas testified that other causes of nystagmus are rare and that Archie did not have fatigue nystagmus. During the walk and turn test, Archie "started too soon, used his arms for balance, and took the wrong number of steps." Dugas testified that starting too soon alone would not result in an arrest. While performing the one-leg stand, Archie stopped the test, stating that he could not do it. Dugas encouraged him to try again. Archie used his arms for balance, swayed, and put his foot down. He showed no signs of stumbling, needing support, or tilting. He did not swerve or jerk when

---

[1] We note that had the trial court sustained Archie's objection and given the jury an instruction to disregard, such would be sufficient to cure any error arising from the State's improper jury argument. *See York v. State*, 258 S.W.3d 712, 716-17 (Tex. App.—Waco 2008, pet. ref'd).

[2] Archie complains that the trial court's *Allen* charge failed to cure error from the State's argument because it made no mention of reasonable doubt. However, an *Allen* charge is a *supplemental* charge given to a deadlocked jury and is read in conjunction with the original charge. *See Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006); *see also Wright v. State*, No. 14-97-00360-CR, 1999 Tex. App. LEXIS 4880, at *10 (Tex. App.—Houston [14th Dist.] July 1, 1999, pet. ref'd) (not designated for publication) (*Allen* charge "when considered together with the original charge, did not eliminate the requirement of proof beyond a reasonable doubt," but "merely admonished the jury to try to continue deliberating and reach a verdict, if they could do so without doing violence to their conscience.").

pulling onto the side of the road and did not stumble when exiting his vehicle or lean against the vehicle for support. Dugas could not recall whether Archie had red bloodshot eyes and admitted not knowing whether Archie is normally "thick-tongued." Archie refused to provide a breath specimen. Based on all the circumstances, Dugas concluded that Archie's mental and physical faculties were impaired.

Officer Wade Roberts described Archie as "thick-tongued, deliberate, slurred speech," not "over agitated or upset." Archie had to "hunt for his words" and was deliberate when pronouncing them. Roberts has encountered intoxicated individuals who are neither stumbling nor leaning on something for support. He admitted that speaking deliberately is not necessarily a sign of intoxication.

Dugas's and Roberts's testimony that Archie was intoxicated is sufficient evidence to establish the element of intoxication. *See Hartman v. State*, 198 S.W.3d 829, 835 (Tex. App.—Corpus Christi 2006, pet. dism'd). Archie's refusal to provide a breath specimen may also be considered as evidence of intoxication. *See* TEX. TRANSP. CODE ANN. § 724.061 (Vernon 1999); *see also Griffith v. State*, 55 S.W.3d 598, 601 (Tex. Crim. App. 2001). Moreover, the jury viewed a video recording of the stop, and the jurors were able to evaluate for themselves Archie's demeanor at the time of the stop. Although the evidence of intoxication is not overwhelming, the record contains ample evidence from which the jury could reasonably conclude that Archie was intoxicated. *Lewis v. State*, 191 S.W.3d 335, 340-41 (Tex. App.—Waco 2006, pet. ref'd).

After considering the applicable factors, we cannot conclude that the State's argument affected Archie's substantial rights. We overrule Archie's sole issue and affirm the judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed April 29, 2009
Do not publish
[CR25]