

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00707-CR

John A. **SANTOS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR10728
Honorable Jefferson Moore, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: December 5, 2018

AFFIRMED

John A. Santos was convicted by a jury of burglary of a habitation. The sole issue presented on appeal is whether the trial court abused its discretion in overruling an objection defense counsel made during the State's closing argument. We affirm the trial court's judgment.

### BACKGROUND

Santos was indicted for burglary of a habitation. At trial, the complainant testified his home had been broken into and, among other items, a television and a ring had been stolen. A subsequent investigation revealed Santos had pawned the television and ring a short time later at

two separate pawn stores located a short distance away. The tickets from the pawn shops identifying Santos as the person who pawned the items and video surveillance from the pawn shops of the transactions were introduced into evidence. A jury found Santos guilty of burglary.

### CLOSING ARGUMENT

During closing argument, the State initially reserved its time; therefore, defense counsel first presented his closing argument to the jury. Defense counsel focused on the State's burden of proof and argued the State did not meet its burden to prove the offense beyond a reasonable doubt. Defense counsel's closing argument spans seven pages in the reporter's record. At the top of the sixth page of the closing argument, the State made an objection which the following places in context:

> [Defense counsel]: What they have brought you is simply not enough to prove beyond a reasonable doubt that John committed this burglary. There — I think the State is going to urge you to say, well, it happened — the proximity in time and he lived in the neighborhood and, you know, you can kind of just add that all up and decide, well, he must have committed it.
> But there are many plausible explanations. And if there are, then you don't have — they haven't not met their burden [sic].
>
> [Prosecutor]: I'm going to object, Your Honor. That's not the law at all.
>
> THE COURT: Sustained. Go ahead.
>
> [Defense counsel]: The detective told you that he was not there and he could not make any determinations. That he investigated the case, put together what he had, such as it was, but he could not make any determinations. Nobody can tell you who burglarized his house. There was sufficient time between the time of the burglary and the time of the pawn for a lot of different things to happen. And if that's the case, then — then you have reasonable doubt.

The foregoing was the only objection the State made during defense counsel's closing argument.

The State's closing argument spans seven and one-half pages in the reporter's record. Approximately the middle of the third page of argument, the trial court denied defense counsel's only objection to the State's closing argument. The following places the objection in context:

[Prosecutor]: It would be great if every case had, you know, video of every instant of the offense, but it's not reality. So it's not about all doubt. It's not about what's possible. It's not about what's plausible. It's about what's reasonable in your mind when you're thinking about a doubt. Okay?

And the most important thing I can tell you is you have to use your common sense. But you can draw reasonable inferences from the evidence that is in a case, and that's what you have to do to get to reasonable doubt. You know, in order to do that, though, in order to draw a reasonable inference, you have to have some evidence. You can't just do it for nothing, right? That's speculation. That's just wild speculation. And that's what you have to do in order to think about something else that could have happened in that short period of time that's critical on this case.

If your imagination — if you're going on thinking things that could have happened, maybe could have happened, maybe an alien came down and gave it to him, maybe, you know, this is all a big misunderstanding, well, you have to have some evidence of that to get to there to be able to draw those inferences to have reasonable doubt.

[Defense counsel]: Your Honor, I object to State trying to shift the burden to the Defense.

[Prosecutor]: This is the law, Your Honor. They can fact find by drawing reasonable inferences from evidence. They can't do that if there's no evidence.

THE COURT: Objection overruled. Go ahead.

The prosecutor then reviewed the evidence chronologically based on a timeline and reiterated the jury was entitled to draw reasonable inferences, but also reasserted the jury was required to have "some evidence from which you can draw a reasonable inference."

### STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on an objection to jury argument under an abuse of discretion standard. *Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010); *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004); *York v. State*, 258 S.W.3d 712, 717 (Tex. App.—Waco 2008, pet. ref'd). "[P]roper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement." *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). In examining challenges to jury argument, a reviewing court

considers the remark in the context of the entire argument and not in isolation. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); *Sennett v. State*, 406 S.W.3d 661, 670 (Tex. App.—Eastland 2013, no pet.).

## DISCUSSION

In his brief, Santos argues the State's argument was improper because "the State argued no reasonable doubt can exist over whether appellant is guilty because appellant produced no innocent explanation for how he came into contact with the items that were pawned." Santos further argues the State's argument "grossly misstated the law by shifting the burden of proof to appellant to raise a reasonable doubt, instead of keeping the burden exclusively upon themselves to dispel reasonable doubt." In support of his argument, Santos cites opinions holding the State is not allowed to misstate the law during jury argument.

The State responds that Santos's initial argument amounted to the "reasonable-hypothesis of innocence analytical construct" which was rejected by the Texas Court of Criminal Appeals in *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991). The State further contends its argument simply informed the jury about the manner in which reasonable inferences could be drawn from the evidence and instructed the jurors that they could not speculate.

We agree defense counsel's initial argument misstated the law and suggested that reasonable doubt was established if there was any plausible explanation for Santos's possession of the stolen items other than that he stole them. The State is not required to disprove "all reasonable alternative hypotheses that are inconsistent with the defendant's guilt." *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) (citing *Geesa*, 820 S.W.2d at 156). Rather, evidence is sufficient to establish a defendant's guilt when "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Id*. (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).

In *Hooper*, the Texas Court of Criminal Appeals further explained the jury's ability to draw reasonable inferences "as long as each inference is supported by the evidence presented at trial." 214 S.W.3d at 15. The court cautioned, "juries are not permitted to come to conclusions based on mere speculation of factually unsupported inferences." *Id*. Instead, "an inference is a conclusion reached by considering other facts and deducing a logical consequence from them." *Id*. at 16. On the other hand, "[s]peculation is mere theorizing or guessing about the possible meaning of facts and evidence presented." *Id*. "A conclusion reached by speculation may not be completely unreasonable, but it is not sufficiently based on facts or evidence to support a finding beyond a reasonable doubt." *Id*.

In this case, the trial court did not abuse its discretion in concluding the State's argument was not an effort to shift the burden. Rather, the State's argument was a proper statement of the law and was in response to defense counsel's misstatement of the law. Accordingly, because the State's argument was a proper statement of the law governing the jury's ability to draw reasonable inferences and was in response to defense counsel's misstatement of the law, the trial court did not abuse its discretion in overruling Santos's objection. *See Brown*, 270 S.W.3d at 570 (noting proper jury argument includes "reasonable deduction from the evidence" and "answer to argument of opposing counsel").

## CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice

DO NOT PUBLISH